594 S.E.2d 478

**RABY CONSTRUCTION, L.L.P., Respondent,**

v.

**Henry J. ORR, Jr., H & D Capital, LLC, d/b/a The South City Grill, Stanley C. Gibson, Bank of Travelers Rest, and Debra L. Dailey d/b/a Dailey & Associates, Defendants, Defendants,**

**of whom Henry J. Orr, Jr. and H & D Capital. LLC d/b/a the South City Grill are Appellants.**

**and**

**Raby Construction, L.L.P., Respondent,**

v.

**Henry J. Orr, Jr., H & D Capital, LLC, d/b/a The South City Grill, Stanley C. Gibson, Bank of Travelers Rest, and Debra L. Dailey d/b/a Dailey & Associates, Defendants, Defendants,**

**of whom Henry J. Orr, Jr. is Appellant.**

**No. 25793.**

Supreme Court of South Carolina.

Heard Jan. 22, 2004.

Decided March 22, 2004.

T.S. Stern, Jr., of Covington, Patrick, Hagins, Stern & Lewis, of Greenville, for appellants.

Matthew P. Utecht, of Haynsworth Sinkler Boyd, P.A., of Greenville, for respondent.

14

Justice WALLER:

These two direct appeals arise from the same mechanic's lien case and therefore have been combined for our review. We affirm on both.

## FACTS

In Spring 1999, appellant Henry Orr [1] entered into an oral contract with respondent Raby Construction for the construction/renovation of a restaurant in Greenville to be known as the South City Grill. The contract was a "cost plus" agreement whereby Orr would pay respondent, as general contractor, the actual costs of the project, plus a 12% fee. On September 12, 2000, Orr signed a Statement of Account showing that the total project amount was $1,047,000 and that Orr had already paid $810,000. The statement expressly stated that the total amount due was $237,000. Both Orr, and Michael Raby, respondent's principal, signed the document. It is undisputed that Orr made no payments after signing the Statement of Account.

Respondent filed a mechanic's lien for $237,000 on November 3, 2000, and in January 2001, respondent filed an action to foreclose on the lien. In his answer, Orr denied the allegations that $237,000 remained due on the project. The litigation proceeded through discovery,[2] and trial was set for December 11, 2001. However, on December 8, 2001, the parties entered into a settlement wherein Orr agreed to pay respondent $150,000 by January 24, 2002. Significantly, the settlement provided that if the $150,000 payment was not made by that date, then a confession of judgment would be filed for $200,000, plus interest and any attorneys' fees incurred in connection with foreclosure of the property. Furthermore, both the settlement and the confession of judgment stated that Orr would not oppose or contest any foreclosure on the property.

---

1. While both Orr and H & D Capital, LLC d/b/a the South City Grill are appellants in one of these appeals, only Orr is appellant in the second. For ease of reading, we refer solely to Orr.

2. It appears from the record that discovery involved requests for production, requests for admission, interrogatories, and depositions; the only people deposed were Raby and Orr.

Orr did not pay the $150,000 settlement amount, and an order of judgment for $200,000 was entered in February 2002. Shortly thereafter, the trial court issued an order of foreclosure which required Orr to pay $200,000, plus interest, as well as attorneys' fees in the amount of $15,000.

On April 4, 2002, Orr filed a motion pursuant to Rule 60(b)(2) and (3), SCRCP, to vacate the orders of judgment and foreclosure. Orr alleged that relief from the orders was warranted because they were the product of respondent's fraud and misconduct, and also because of after-discovered evidence. The Rule 60(b) motion was based on a sworn statement from Jan Bailey, a former employee of respondent. Bailey gave testimony that respondent had failed to produce computer records related to the South City Grill, including evidence of bills that had not been paid by respondent, and that she had fabricated backup documentation that was produced to Orr.

Bailey worked for respondent from November 1999 until January 2002. In her own words, the circumstances under which she left respondent "were very strained." There is some contention as to what position Bailey held while employed with respondent. She, at one point, stated that she was "bookkeeper, office manager, secretary, anything." Raby called her his secretary in his deposition. Notably, however, in its response to Orr's first set of interrogatories, respondent identified Bailey (who was formerly known as Jan Whitfield) as follows:

Ms. Whitfield is an employee of [respondent], and she may testify as to [respondent's] accounting for the South City Grill project **and the amounts owed on the project.**

(Emphasis added).

The trial court conducted an evidentiary hearing on the Rule 60(b) motion at which both Bailey and Raby testified at length. The gravamen of Bailey's testimony was that the computer records were not disclosed, they were more accurate than the manual ledgers (which had been produced during discovery), and that the computer accounting system revealed that respondent had overcharged Orr by at least $30,000. According to her own calculations based on the computer

records, Bailey estimated that Orr owed respondent just under $140,000.

Raby, on the other hand, testified that the computer accounting system was started several months **after** the South City Grill project began, and therefore, the computer system was not as accurate as the manual ledgers. In addition, Raby stated that respondent remained liable for the unpaid bills that the computer records indicated.

The trial court denied Orr's motion for relief and his subsequent motion for reconsideration. The trial court specifically noted that the order of foreclosure of the mechanic's lien remained "in full force and effect" except with certain date changes for the auction of the property. On July 15, 2002, Orr filed his notice of appeal from the denial of the Rule 60(b) motion.

Meanwhile, the proceedings for the sale of the property had continued pursuant to the February order of foreclosure. Indeed, just days before Orr filed the Rule 60(b) motion, a Contract of Sale for the property had been executed on April 1, 2002. After the trial court denied the Rule 60(b) motion, Orr filed a motion to stay the judicial sale of the property. The sale of the property was finalized in October 2002; however, respondent was still left with a deficiency in the judgment. Orr then filed a petition for appraisal in November 2002. Respondent opposed the motion and filed its own motion for attorneys' fees. After a hearing, the trial court dismissed the petition for appraisal and granted respondent additional attorneys' fees in the amount of $31,025.75. Orr moved for reconsideration, but the motion was denied.

Orr now appeals from both the denial of the Rule 60(b) motion and the granting of additional attorneys' fees.

## ISSUES

1. Did the trial court err in denying Orr's Rule 60(b) motion?

2. Did the trial court lack jurisdiction to award additional attorneys' fees?

### 1. Rule 60(b) Motion

Orr argues that the trial court erred in denying him relief from judgment because respondent withheld documents and fabricated evidence. Specifically, Orr contends the trial court erred by: (1) applying the intrinsic/extrinsic fraud distinction since the judgment was not more than one year old; (2) finding there was no extrinsic fraud; and (3) applying improper standards on after-discovered evidence. Respondent disputes these arguments and raises several additional sustaining grounds.

Rule 60, SCRCP, is entitled "Relief from Judgment or Order," and subsection (b) states in pertinent part as follows:

> (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) **newly discovered evidence** which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) **fraud, misrepresentation, or other misconduct of an adverse party;**
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application.
> **The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceeding was entered or taken.** A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court.

(Emphasis added).

██ Whether to grant or deny a motion under Rule 60(b) lies within the sound discretion of the judge. *Coleman v.*

18

*Dunlap,* 306 S.C. 491, 494, 413 S.E.2d 15, 17 (1992). Our standard of review, therefore, is limited to determining whether there was an abuse of discretion.

■ The trial court found that relief under Rule 60 for fraud is **only** available for extrinsic fraud and because the allegations of fraud in the instant case amounted to intrinsic fraud, there could be no relief from judgment. Orr argues this was error because the intrinsic/extrinsic fraud analysis should **only** be used if the attack is on a judgment **more than one year old.**[3] We disagree.

Orr relies in part on *Mr. G v. Mrs. G,* 320 S.C. 305, 465 S.E.2d 101 (Ct.App.1995), for his argument that relief for intrinsic fraud may be had if a Rule 60(b)(3) motion is brought within one year of the judgment. In that case, the Court of Appeals stated the following: "A party may not use **intrinsic** fraud to mount an attack upon a judgment **if the judgment is more than one year old.**" *Id.* at 307–08, 465 S.E.2d at 102–03 (citing Rule 60(b)(3), SCRCP; emphasis added). Looking at the above emphasized language, the Court of Appeals arguably indicated that if the judgment is less than a year old, intrinsic fraud could be the basis for relief.

However, the Court of Appeals also discussed the distinction between extrinsic and intrinsic fraud and stated that intrinsic fraud is not a valid ground for setting aside a judgment. *Id.* at 308, 465 S.E.2d at 103. In addition, we note that factually, the *Mr. G v. Mrs. G* case involved a request for relief from judgment two and a half years after the original divorce decree was entered. Therefore, this opinion by itself does not resolve the issue presented by Orr. Instead, the issue

---

3. We note that the trial court initially made a finding that where there is a consent judgment, it is generally conclusive and not subject to collateral attack, citing *Johnson v. Johnson,* 310 S.C. 44, 425 S.E.2d 46 (Ct.App.1992). Respondent argues that because Orr has not appealed this finding, it is the law of the case. We disagree. In its order, the trial court correctly stated the **general** rule. *See id.* at 46, 425 S.E.2d at 48 ("**Ordinarily,** where a judgment or order is entered by consent, it is binding and conclusive and cannot be attacked by the parties either by direct appeal or in a collateral proceeding.") (emphasis added). Furthermore, we note the *Johnson* court ultimately granted relief pursuant to Rule 60(b)(5); therefore, even consent judgments are subject to attack under particular circumstances.

of whether relief under Rule 60(b)(3) may be had for intrinsic fraud if the motion is brought within one year is a novel one.

Historically, this Court has held that in order to obtain equitable relief from a judgment based on fraud, the fraud must be extrinsic. *See Bryan v. Bryan*, 220 S.C. 164, 66 S.E.2d 609 (1951). In *Bryan*, we explained as follows:

> There is no doubt that a court of equity has inherent power to grant relief from a judgment on the ground of fraud. However, not every fraud is sufficient to move a court of equity to grant relief from a judgment. Generally speaking, in order to secure equitable relief, it must appear that the fraud was extrinsic or collateral to the question examined and determined in the action in which the judgment was rendered; intrinsic fraud is not sufficient for equitable relief.

*Id.* at 167–68, 66 S.E.2d at 610.

As recently as last year, we discussed the important distinction between extrinsic and intrinsic fraud. *See Chewning v. Ford Motor Co.*, 354 S.C. 72, 579 S.E.2d 605 (2003).[4] We reiterated in *Chewning* that "[i]n order to secure equitable relief on the basis of fraud, the fraud must be extrinsic." *Id.* at 80, 579 S.E.2d at 610 (citing *Bryan v. Bryan, supra*). "Extrinsic fraud is 'fraud that induces a person not to present a case or deprives a person of the opportunity to be heard.' " *Id.* at 81, 579 S.E.2d 605, 579 S.E.2d at 610 (citation omitted). Intrinsic fraud, on the other hand, is fraud which misleads a court in determining issues and induces the court to find for the party perpetrating the fraud. *Id.* The classic case of intrinsic fraud is perjured testimony or presenting forged documents at trial. *See, e.g., Bryan v. Bryan*, 220 S.C. at 169, 66 S.E.2d at 611; James F. Flanagan, SOUTH CAROLINA CIVIL PROCEDURE at 485 (2d ed.1996). Allegations that a party failed to disclose documents also generally amount to intrinsic, rather than extrinsic, fraud. *Chewning*, 354 S.C. at 82, 579 S.E.2d at 610–11.

---

4. We recognize that *Chewning* was **not** a Rule 60 matter, but instead was an independent action for fraud upon the court. In that case, we found that where the **attorney** allegedly suborned perjury and concealed documents, a claim for **extrinsic** fraud had been sufficiently stated. Nevertheless, our general discussion on extrinsic and intrinsic fraud is instructive on the issue raised in this case.

■ "Relief is granted for extrinsic but not intrinsic fraud on the theory that the latter deceptions should be discovered during the litigation itself, and to permit such relief undermines the stability of all judgments." *Mr. G v. Mrs. G*, 320 S.C. at 308, 465 S.E.2d at 103 (citation omitted); *see also Bryan v. Bryan*, 220 S.C. at 168, 66 S.E.2d at 610 ("relief from a judgment is denied in cases of intrinsic fraud, on the theory that an issue which has been tried and passed upon in the original action should not be retried in an action for equitable relief against the judgment").

■ Furthermore, it is significant to note that when considering whether to grant relief from final judgments, "a court must balance the interest of finality against the need to provide a fair and just resolution of the dispute." *Chewning*, 354 S.C. at 80, 579 S.E.2d at 609. We recognized in *Chewning* both this Court's longstanding policy towards final judgments and that "important benefits are achieved by the preservation of final judgments." *Id.* at 86, 579 S.E.2d at 613.

Thus, the weight of South Carolina authority clearly leads us to reject the argument that relief from judgment is permitted for intrinsic fraud if raised within one year of the judgment. This conclusion is compelled not simply from our precedents, as discussed above, but also from comparing our State rule to the Federal Rule. The corresponding clause in Federal Rule 60(b)(3) states that relief from judgment may be had due to "fraud (**whether heretofore denominated intrinsic or extrinsic**), misrepresentation, or other misconduct of an adverse party." Rule 60(b)(3), Fed.R.Civ.P. (emphasis added). Significantly, however, this emphasized language, does **not** appear in South Carolina's rule. *Accord* Flanagan, SOUTH CAROLINA CIVIL PROCEDURE at 485 (Rule 60(b)(3), SCRCP, "preserves state practice that distinguishes between 'intrinsic' and 'extrinsic' fraud.").

■ Accordingly, we hold that South Carolina maintains the distinction between extrinsic and intrinsic fraud, even when the allegations are raised through a Rule 60(b)(3) motion filed within one year of the entry of judgment. The trial court therefore properly analyzed the issue as one dependent on the distinction between intrinsic and extrinsic fraud. Because this is clearly a case where the allegations rise only to the level of

intrinsic fraud,[5] the trial court correctly denied relief under Rule 60(b)(3). Consequently, we affirm the trial court's decision.

██ In any event, we also agree with respondent's arguments that, based on various additional sustaining grounds, the trial court's denial of relief should be affirmed.[6] We are particularly persuaded by respondent's argument that Orr is not entitled to relief for after-discovered evidence, pursuant to Rule 60(b)(2), or for any alleged fraud or misconduct pursuant to Rule 60(b)(3), because the evidence that was presented in the motion could have been discovered during the litigation.

██ Pursuant to Rule 60(b)(2), SCRCP, a court may order relief from judgment based on newly discovered evidence "which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." Likewise, "a party may not prevail on a Rule 60(b)(3) motion on the basis of fraud where he or she has access to disputed information or has knowledge of inaccuracies in an opponent's representations at the time of the alleged misconduct." *Ojeda–Toro v. Rivera–Mendez*, 853 F.2d 25, 29 (1st Cir.1988); *see also Bowman v. Bowman*, 357 S.C. 146, 152, 591 S.E.2d 654, 657 (Ct.App.2004)(where a party could have discovered the "new" evidence prior to trial, the party is not entitled to relief under Rule 60(b)(2) or (3)).[7]

---

5. Allegations of perjury, failure to produce requested discovery, or use of forged documents amount only to intrinsic fraud. *See, e.g., Chewning*, 354 S.C. at 82, 579 S.E.2d at 610–11; *Bryan v. Bryan*, 220 S.C. at 169, 66 S.E.2d at 611; Flanagan, SOUTH CAROLINA CIVIL PROCEDURE at 485. These are the types of allegations made by Orr, and so we reject Orr's alternative argument that this is a case of extrinsic fraud.

6. *See I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 420, 526 S.E.2d 716, 723 (2000) ("The appellate court may review respondent's additional reasons and, if convinced it is proper and fair to do so, rely on them or any other reason appearing in the record to affirm the lower court's judgment."); Rule 220(c), SCACR ("The appellate court may affirm any ruling, order, or judgment upon any ground(s) appearing in the Record on Appeal.").

7. Indeed, even in cases of extrinsic fraud, a party does not have a claim "if he failed to exercise due diligence in discovering the existence of facts or documents during the underlying litigation." *Chewning*, 354 S.C. at 82 n. 6, 579 S.E.2d at 611 n. 6.

Bailey was identified in respondent's answers to interrogatories as a witness who could testify as to the accounting for the South City Grill project **and the amounts owed on the project.** Yet Bailey was not deposed. In her testimony at the Rule 60(b) hearing, she acknowledged that if she had been deposed prior to the settlement and asked if there were computer records, she would have testified as to the existence of those records. Therefore, we find that **all** of the evidence Bailey presented to support Orr's Rule 60(b) motion could have been discovered by due diligence.

Additionally, testimony given by Raby in his deposition (taken on December 6, 2001, just two days before the parties settled) clearly put Orr on notice of the computer accounting system. Raby testified about this computer system, and how it was brought "up piece by piece." Orr's counsel then **specifically** stated: "Okay. Well, you didn't produce any of these records," to which Raby essentially responded that the computer records were not the "official" records for the project. The following colloquy occurred:

Q. Okay. But you haven't produced these [computer time sheets]?

A. I have no idea.

Q. Well, I'll represent to you that you haven't produced these. So do you have these documents available?

A. Those documents are available for certain time frames. I don't know if they're available for this job.

. . .

Q. Okay. Well, you were requested to produce all of your records in connection with this case.

A. And to my knowledge, I have produced them all.

Q. Okay. Well, if you can find where you produced this to me, I'll stand corrected and offer you my humble apology, but I don't believe it's produced **in this particular form,** is it?

(Emphasis added).

Thus, Raby's deposition alone establishes Orr became aware that computer records were kept by respondent and had not been produced. Notwithstanding this information, Orr settled this case without further inquiry. We find it obvious that Orr

could have discovered the alleged "misconduct" and the "after-discovered evidence" that form the basis of his Rule 60(b) motion. For this additional reason, we affirm the trial court's decision to deny relief from judgment.

## 2. Award of Additional Attorneys' Fees

Orr also argues the trial court lacked jurisdiction to award additional attorneys' fees because the filing of the notice of appeal regarding the denial of the Rule 60(b) motion stayed the matters on appeal. We disagree.

The general rule is that "the service of a notice of appeal in a civil matter acts to automatically stay matters decided in the order on appeal, and to automatically stay the relief ordered in the appealed order, judgment, or decree." Rule 225(a), SCACR. The automatic stay "continues in effect for the duration of the appeal: . . . The lower court retains jurisdiction over matters not affected by the appeal **including the authority to enforce any matters not stayed by the appeal.**" *Id.* (emphasis added).

The order of foreclosure which directed the sale of the property is simply not a matter that was stayed by the appeal of the denial of the Rule 60(b) motion; it was a separate order which Orr did **not** appeal. Thus, the award of additional attorneys' fees, which was requested pursuant to that former order, was within the trial court's jurisdiction. *See id.*

In other words, because the only appeal pending at the time the trial court awarded additional attorneys' fees was the denial of the Rule 60(b) motion, that is the only order that would be automatically stayed; the general rule does not authorize a stay **of the underlying order** of judgment or order of foreclosure. *Cf. In re Zapata Gulf Marine Corp.,* 941 F.2d 293, 295 (5th Cir.1991) (where the court, applying analogous federal rules, reversed the district court's stay of execution of the underlying judgment where the only appeal pending was the denial of the Rule 60(b) motion).

Accordingly, Orr's argument that the trial court lacked jurisdiction to award additional attorneys' fees is without merit.

## CONCLUSION

For the above stated reasons, the trial court's denial of the Rule 60(b) motion and the award of additional attorneys' fees are both

**AFFIRMED.**

TOAL, C.J., MOORE, BURNETT, JJ., and Acting Justice James E. Brogdon, Jr., concur.