THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Carl C. Hendricks, Jr., Appellant,
v.
Michael R. Ragsdale, Respondent.
 
 
 

Appeal From Beaufort County
Thomas Kemmerlin, Jr., Master in Equity
Curtis L. Coltrane, Special Circuit Court Judge

Unpublished Opinion No. 2005-UP-363
Submitted May 1, 2005  Filed May 25, 2005

AFFIRMED

 
 
 
Barry L. Johnson, of Okatie, for Appellant.  
Michael R. Ragsdale, of Beaufort, for Respondent.
 
 
 

PER CURIAM:  Carl C. Hendricks, Jr. appeals an order finding two payments he made to Michael Ragsdale were not loans.  In addition, Hendricks appeals an order denying him relief from judgment pursuant to Rule 60(b)(3), SCRCP.  We affirm.[1]  
FACTS
Hendricks filed two actions to collect money based on alleged loans of $60,000 and $25,000 made to Ragsdale.  By consent, the actions were consolidated and the master conducted a trial on the merits.  By order dated January 16, 2001, the master concluded the payments to Ragsdale were not loans.  
The master found that in January of 1990, Hendricks, Ralph Tupper, and Scott Williams borrowed approximately $60,000 from the Savings Bank of Beaufort County.  Approximately $30,000 was used to pay a delinquent debt owed by Ragsdale.  The remaining $30,000 was paid to Hendricks and Tupper, who endorsed a check in favor of Ragsdale.  Hendricks subsequently borrowed an additional $25,000 from South Carolina Federal.  The proceeds from this loan were likewise distributed for the benefit of Ragsdale. 
According to the master, there was strongly divergent testimony between the parties as to the disbursements.  The master found Ragsdale was more credible.  The master concluded, therefore, that the payments were paid to meet a business purpose, and in order to obtain further credit to finance [Hendricks] interest in forming a new automobile dealership or were business related expenses, or . . . otherwise authorized as compensation of Mr. Ragsdale.  Accordingly, the master found the payments did not constitute loans.  
Hendricks appealed the masters order.  While the appeal was pending, Hendricks moved this court to hold the appeal in abeyance to enable Hendricks to file a Rule 60(b)(3) motion for relief from judgment.  This court held the appeal in abeyance and Hendricks filed his motion, arguing Ragsdale offered perjurious testimony at the trial.  Finding the alleged perjured testimony would constitute intrinsic fraud, the circuit court denied the motion.  Hendricks appeals both the order finding the payments were not loans and the order denying his Rule 60(b)(3) motion. 
LAW/ANALYSIS
I.  Existence of Indebtedness
Hendricks argues the evidence in the record does not reasonably support the masters finding that the payments to Ragsdale were not loans.  We disagree. 
An action to recover on a promissory note is . . . an action at law. 
Chambers v. Pingree, 351 S.C. 442, 449, 570 S.E.2d 528, 532 (Ct. App. 2002).  In an action at law, on appeal of a case tried without a jury, the findings of fact of the judge will not be disturbed upon appeal unless found to be without evidence which reasonably supports the judges findings. 
Townes Assocs. v. City of Greenville,
266 S.C. 81, 86, 221 S.E.2d 773, 775 (1976).  Based on the record provided and the detailed findings of fact in the masters order, we conclude evidence existed to support the masters conclusion that the payments made to Ragsdale were not loans.  
The master found, and Hendricks does not refute, the alleged loans were not reduced to writing and no written evidence exists to indicate Ragsdale agreed to repay Hendricks.  Ragsdale testified that he left a job paying him $60,000 per year to assist Hendricks in finding an automobile dealership.  Ragsdale further testified the payments from Hendricks were compensation for his efforts.  We find evidence in the record to support the masters findings that the amounts paid by Hendricks were not loans.  
II.  Rule 60(b)
Hendricks also argues the trial court erred in denying him relief from judgment under Rule 60(b)(3), SCRCP.  We disagree.  Hendricks alleges Ragsdale offered perjured testimony at trial, and therefore, Hendricks is entitled to relief from the judgment.  The trial court denied Hendricks motion based on Raby Construction v. Orr, 358 S.C. 10, 594 S.E.2d 478 (2004), and Chewning v. Ford Motor Co., 354 S.C. 72, 579 S.E.2d 605 (2003).  

Rule 60(b) provides:  
 
(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.  On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

 . . . .

 (3) fraud, misrepresentation, or other misconduct of an adverse party;
 

Rule 60(b), SCRCP.
In Chewning v. Ford Motor Co., the South Carolina Supreme
Court announced: "In order to secure equitable relief on the basis of
fraud, the fraud must be extrinsic." 354 S.C. 72, 80, 579 S.E.2d 605, 610
(2003). Further, the court explained the distinction between extrinsic and
intrinsic fraud: 

 Extrinsic fraud is fraud that induces a person not to
 present a case or deprives a person of the opportunity to be heard. Relief is
 granted for extrinsic fraud on the theory that because the fraud prevented a
 party from fully exhibiting and trying his case, there has never been a real
 contest before the court on the subject matter of the action.
Intrinsic fraud, on the other hand, is fraud which was presented and considered in the trial.  It is fraud which misleads a court in determining issues and induces the court to find for the party perpetrating the fraud.

Id. at 81, 579 S.E.2d at 610 (internal quotations and citations omitted).  The court specifically found that perjury by a party or a witness is intrinsic fraud.  Id. 
In Raby Construction v. Orr, the appellant argued that the intrinsic/extrinsic rule from Raby applied only if the Rule 60(b) attack on judgment was more than one year old.  358 S.C. 10, 17, 594 S.E.2d 478, 481 (2004).  The South Carolina Supreme Court rejected this argument:  South Carolina maintains the distinction between extrinsic and intrinsic fraud, even when the allegations are raised through a Rule 60(b)(3) motion filed within one year of the entry of judgment.  Raby, 358 S.C. at 20, 594 S.E.2d at 483.  
Hendricks filed a petition with this court to argue against precedent.  Article V section 9 of the South Carolina Constitution, governing the jurisdiction of the court of appeals, provides:  The Court of Appeals shall have such jurisdiction as the General Assembly shall prescribe by general law.  The decisions of the Supreme Court shall bind the Court of Appeals as precedents.  S.C. Const. Art. V, § 9 (1985).  Thus, we are bound by the precedent established in Raby and Chewning.  Under these cases, we find the trial court correctly found Hendricks was not entitled to relief from judgment pursuant to Rule 60(b)(3).  
CONCLUSION
We find the record supports the masters findings that payments made to Ragsdale by Hendricks were not loans.  In addition, we find the trial court did not err in denying Hendricks request for relief from judgment pursuant to Rule 60(b)(3), SCRCP.  Accordingly, the orders on appeal are
 AFFIRMED. 
ANDERSON, STILWELL, and WILLIAMS, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.