THIS OPINION HAS NO PRECEDENTIAL VALUE

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Harold Doe, Appellant,
v.
Shirley Doe, Respondent.
 
 
 

Appeal From Orangeburg County
 Nancy Chapman McLin, Family Court Judge

Unpublished Opinion No. 2006-UP-248
Submitted May 1, 2006  Filed May 18, 2006

AFFIRMED

 
 
 
Rebecca West, of Columbia, for Appellant.
Shirley Johnson, of Columbia, for Respondent. 
 
 
 

PER CURIAM:  This is an appeal from an order granting a motion to dismiss.  Harold Doe filed an action seeking to declare that he is not the father of Child and to terminate his obligations to pay child support and health insurance.  The action was based on a DNA test that indicates there is a zero percent probability of his paternity of Child.  The family court granted Shirley Does motion to dismiss the action.  We affirm pursuant to Rule 220(b)(2), SCACR, and the following authorities:  Neely v. Thomasson, 365 S.C. 345, 352, 618 S.E.2d 884, 888 (2005) (holding a party is barred from challenging paternity at a later date if the issue was raised, or could have been raised, in a prior action, and a final adjudication was made); Raby Constr., L.L.P. v. Orr, 358 S.C. 10, 20, 594 S.E.2d 478, 483 (2004) (recognizing the public policy interest in the finality of judgments and holding that to obtain equitable relief from a judgment based on fraud, the fraud must be extrinsic); and Mr. G v. Mrs. G, 320 S.C. 305, 308-09, 465 S.E.2d 101, 103-04 (Ct. App. 1995) (fraud alleged by ex-husband who petitioned to set aside child support order based on purported misrepresentations by ex-wife as to childs paternity was intrinsic, not extrinsic, where paternity had been determined in the previous divorce proceedings, where petitioner alleged nothing to suggest that he did not have notice of prior action or that he did not have an opportunity in that action to deny paternity and to protect himself against wifes alleged fraud; as such, the alleged fraud could not be used as basis for reversing prior judgment of paternity made over a year earlier).[1]
AFFIRMED. 
KITTREDGE, SHORT, and WILLIAMS, JJ., concur.   

[1]        We decide this case without oral argument pursuant to Rule 215, SCACR.