The South Carolina Court of Appeals

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Mildred Brown Hopkins,
Respondent,
v.
Nelle B. Brown; Frances Brown Nachman; Melville P. Brown, Jr.; Lloyd William Brown, Jr.; Marjorie P. Brown; Harriette T. Elrod; Gary
Dolbee; Larry Dolbee; Julie Dolbee Albea; Mary Catherine Tucker Carter; Harriette Jane Tucker, individually and as Personal Representative of the Estate of Harrison Tucker, Jr., Deceased; Harrison Tucker, III; Michael J. Costa; Margaret Costa Baird; Zena Costa Brown; Thomas A. Brown, Jr.; Benjamin Richard Brown; Lawrence Wilton Brown; and, all other persons, both known and unknown, in esse and unborn, claiming or entitled to claim any right, title or interest as an heir or devisee of any of the above named now deceased; also, all other persons, both know or unknown, in esse and unborn, claiming or entitled to claim any right, title or interest in or lien up on the real estate described in the Complaint herein or as an heir at law,
distributee, devisee, legatee or assign of either the foregoing who may be deceased or Lawrence Joseph Costa, Harrison Tucker, Jr., Onie Johnson Brown, Earl
Dolbee, Jr., Earl Dolbee, Sr., Ethel Viola Brown, Sue Brown Tucker, George A. Brown, Myrtle Costa Brown, Thomas A. Brown, Sr., Ben T. Brown, Melville P. Brown, Sr., Lillian Brown
Dolbee, Lillian Roberts Brown and John Wesley Brown, some or all of whom may be deceased; any unknown adults being as a class designated as John Doe and any unknown infants or persons under disability or in the military service of the United States being as a class designated as Richard Roe, Defendants,
Of whom Nelle B. Brown is the, Appellant.
 
 
 

Appeal From Anderson County
Ellis B. Drew, Jr., Circuit Court Judge

Unpublished Opinion No. 2006-UP-276
Submitted June 1, 2006  Filed June 8, 2006

AFFIRMED

 
 
 
Francis T. Draine, of Columbia, for Appellant.  
Harold P. Threlkeld, of Anderson, for Respondent.
 
 
 

PER CURIAM:  Nelle Brown appeals the denial of her motion to vacate the default judgment against her.  We affirm.[1]
FACTS
In 1919, John Wesley Brown acquired a house and lot at 703 East Greenville Street in Anderson, South Carolina (the property).  Thereafter, Brown lived on the property with his wife, Lillian, and their ten children until his death in 1948.  Brown devised the property to his widow for her life, with the remainder to their children.[2]  After Lillian Browns death, George Brown, Sr., John and Lillians son, and his wife Nelle, the appellant in this case, continued to live on the property with the consent and permission of the other owners.  As a condition of living on the property rent free, the Browns were required to maintain the property and the house, including paying the taxes and insuring the property.  The property was destroyed by fire on April 29, 2001, and shortly thereafter, George, Sr. died from injuries sustained in that fire.  As a result of the fire, Nelle and her son, George, Jr., vacated the property, and their whereabouts were generally unknown to other family members.  
In December of 2002, the City of Anderson condemned the remains of the burned residence on the property and attempted to notify owners of the condemnation.  Mildred Brown Hopkins, granddaughter of John Wesley Brown and a resident of Anderson, was the only co-owner of the property who could easily be located.  She was the only family member officially notified of the citys demolition requirement.  The city would demolish the structure at the owners expense or the owners could arrange for demolition themselves.  Hopkins was able to obtain the consent of all co-owners for demolition except for Nelle Brown, whom she was unable to locate.  
In March 2003, Hopkins contracted with Millers Construction Company to demolish the structure for $21,100, which Hopkins paid.  In April, Hopkins filed an action against the co-owners of the property to foreclose on a mechanics lien to recover the cost of the demolition and to partition the property and the proceeds of the fire insurance policy.  All the co-owners Hopkins was able to serve consented to foreclosure of the mechanics lien and the partition action.  
Hopkins was unable to ascertain the whereabouts of Nelle Brown in order to serve her.  Thereafter, Hopkins attorney contacted an attorney who had represented Nelle in an action related to the property prior to the fire.[3]  The attorney indicated the pleadings could be mailed to him for acceptance of service.  However, he never actually accepted service, and notified Hopkins in July of 2003 that he no longer represented Nelle, would not accept service on her behalf, and could not disclose her whereabouts.  
Hopkins attempted to locate Nelle, but was unable to discern her whereabouts or even confirm if she was living or deceased.  The Anderson County Sheriffs Office could likewise not locate her.  Hopkins then petitioned for an Order of Publication for purposes of effecting service on Nelle.  The Petition was granted, and notice was published in The Journal, a newspaper published in the town of Williamston, as the newspaper most likely to give notice to Nelle Brown.[4]  In addition, pursuant to S.C. Code Ann. § 15-9-740, a copy of the pleadings was mailed to Nelle at her last known address, 703 East Greenville Street.  
No responsive pleadings were filed by Nelle Brown.  Notice of a merits hearing to be held before the master was sent to Nelle Brown at her last known address.  
Hopkins testified that she had attempted to contact all of the other family members/co-owners.  She further testified that Nelle Brown had been close and on good terms with Hopkins mother until George, Jr. returned to the area from Washington, D.C.  After that time, according to Hopkins, George, Jr. and to some degree George, Sr., kept Nelle in seclusion and no longer allowed contact between Nelle and other family members.  Hopkins stated that she believed she had acted in the best interests of all the co-owners by having the property demolished.  
The court granted foreclosure of the mechanics lien and decreed the partition.  The property was sold at public sale to Anderson Area Medical Center, Inc. in March 2004, and the proceeds were disbursed in accordance with the courts decree.  Then, in April, Hopkins attorney was contacted by James Stone Craven, who indicated that he was representing Nelle Brown with regard to the property.  Nelle filed an action against Hopkins and the other co-owners regarding the property.  It is unclear from the record the exact nature of the action, but the claims arising therefrom were dismissed on summary judgment.  Nelles portion of the proceeds from the sale of the property, $43,902.18, was forwarded to her attorney.  In January of 2005, Nelle Brown moved to have the default judgment as to the mechanics lien and partition of the property set aside.  The denial of her motion is the subject of this appeal.
STANDARD OF REVIEW
Whether to grant or deny a motion under Rule 60(b) lies within the sound discretion of the judge.  Our standard of review, therefore, is limited to determining whether there was an abuse of discretion.  Raby Const., L.L.P. v. Orr, 358 S.C. 10, 17, 594 S.E.2d 478, 482 (2004) (internal citations omitted).  Rule 60(b), SCRCP, provides that the court may relieve a party from a final judgment for mistake, inadvertence, surprise, or excusable neglect, on the basis of newly discovered evidence, for fraud, misrepresentation, or other misconduct of an adverse party, or if the judgment is void or has been discharged.  A motion under 60(b) shall be made within a reasonable time.  Id. 
LAW/ANALYSIS
Nelle contends the trial court erred in failing to set aside the judgment for several reasons.  First, she contends the affidavits used to procure the default judgment were fraudulent.  She further argues the judgment should have been vacated because she was not served with notice on an unliquidated damages claim and that the service by publication was faulty.  Finally, Nelle contends the court erred by ordering that proceeds from the insurance policy on the property be divided among the co-owners.
The crux of Nelles contentions seems to be that she was the owner of the property and that Hopkins intentionally failed to provide her with notice of any claims or proceedings in order to deprive her of her property and the proceeds related thereto.  There is simply no evidence in the record to support these allegations.  
The record reveals that Hopkins filed a petition for publication indicating that she could not locate Nelle Brown and believed her whereabouts were being secreted in order to avoid service.  An affidavit was filed by the sheriffs office indicating that it had attempted to serve Nelle but was unable to do so.  There is nothing facially defective about these documents nor is there any testimony in the record that would indicate the information contained therein was untrue.  
Furthermore, the record shows that notice of the January 20, 2004 hearing was mailed to Nelle Brown at her last known address.  She argues that such notice was insufficient.  However, the damages prayed for by Hopkins were liquidated, rendering notice of a damages hearing unnecessary.  See Thomas & Howard Co., Inc. v. T.W. Graham & Co., 318 S.C. 286, 457 S.E.2d 340 (1995) (holding that when damages are liquidated or a verified complaint for unliquidated damages is sufficient to allow the amount of the claim to be determined, a damages hearing is not required).  In any event, according to Rule 5(b), SCRCP, service by regular mail to a defendants last known address is all that is required even if the damages in this case are considered to be unliquidated.  Therefore, if notice was required, the notice given was adequate.  
The nature of the action in this case was in rem as opposed to in personam.  Nelle Brown was only a defendant in the case by virtue of her standing as a co-owner of the property.  She was not exposed to personal liability for any damages to which Hopkins may have been entitled.  Hopkins requested from the court the amount she had expended in demolishing the home and for taxes she had paid.  She further sought costs and attorneys fees associated with the action, the partitioning of the property and the distribution of insurance proceeds according to the co-owners respective interests set forth in detail in the complaint.  These items all relate to the property and do not constitute the type of unliquidated damages frequently at issue in a damages hearing.  Even if they were, the amounts at issue were determinable by reference to the complaint.  
With regard to service by publication, the record shows that The Journal is a newspaper of general circulation in Anderson County, South Carolina, the county in which Nelle was last known to reside.  It is the clerks responsibility to select the newspaper most likely to give notice to the person to be served.  S.C. Code Ann. § 15-9-740 (Rev. 2005).  There is no evidence that publication in The Journal was faulty.  Finally, any issue regarding the distribution of insurance proceeds was neither raised to nor ruled upon by the trial court.  Therefore, such issue is not preserved for our review.  See Wilder Corp. v. Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) (holding that an issue cannot be raised for the first time on appeal, but must have been raised to and rule upon by the trial judge to be preserved for appellate review).  
Because we can discern no abuse of discretion in the masters denial of the motion to vacate, that judgment is hereby
AFFIRMED.
 HUFF, STILWELL, and BEATTY, JJ., concur.

[1]        We decide this case without oral argument pursuant to Rule 215, SCACR.
[2]        The children of any deceased heirs would receive their parents share.  
[3]        This action was dismissed for failure to prosecute.  
[4]        The Order of Publication appointed E. Alex Turner, III, as guardian ad litem and attorney for Nelle Brown.