653 S.E.2d 274

**STEARNS BANK NATIONAL ASSOCIATION, Plaintiff**

v.

**GLENWOOD FALLS, LP, a South Carolina limited partnership, DC Development, Inc., McBride Building Supplies & Hardware, Inc., First Federal Savings and Loan Association of Charleston, Charleston Affordable Housing, Inc., and The Building Center, Inc., Defendants.**

In re DC Development, Inc., Appellant,

v.

Glenwood Falls, LP, a South Carolina
limited partnership, Respondent.

No. 26394.

Supreme Court of South Carolina.

Submitted Oct. 18, 2007.
Decided Nov. 5, 2007.

424

William E. Booth, III, of W. Columbia, for Appellant.

Michael W. Tighe, and Mary Dameron Milliken, both of Callison Tighe & Robinson, of Columbia, for Respondents.

Justice PLEICONES:

Appellant, the judgment creditor, appeals a circuit court order requiring it to post a bond pursuant to S.C.Code Ann. § 18–9–130 (Supp.2006) if it wishes to enforce its judgment during the pendency of respondent's (the judgment debtor's) appeal of an order denying respondent's Rule 60, SCRCP, motion to set aside the judgment. We reverse.

## FACTS

■ Appellant obtained a default judgment for approximately $1.3 million against respondent in January 2005. Respondent filed a timely motion to set aside the default under Rule 60(b)(2) and(4), SCRCP, in March 2005. Respondent did not, however, ask the circuit court for relief pursuant to Rule 62(b), SCRCP, which provides, in relevant part:

In its discretion and on such conditions for the security of the adverse party as are proper, the court may stay the

execution of or any proceedings to enforce a judgment pending the disposition ... of a motion for relief ... made pursuant to Rule 60....

Since no stay was sought pursuant to this rule, appellant was entitled to enforce its judgment despite the pendency of respondent's Rule 60 motion.

In August 2005, the circuit court denied respondent's Rule 60 motion, and in January 2006, denied respondent's Rule 59 motion to reconsider the Rule 60 denial. Respondent then filed an appeal on the merits of the 60(b) motion. That appeal has been decided by the Court of Appeals, which affirmed. *Stearns Bank Nat'l Ass'n v. Glenwood Falls, LP*, 373 S.C. 331, 644 S.E.2d 793 (Ct.App.2007). Respondent is seeking a writ of certiorari to review that decision.

Months after respondent appealed the denial of its Rule 60(b) motion, it filed a motion in circuit court seeking to stay the underlying default judgment pending disposition of the appeal. Following a hearing, the circuit judge issued an order refusing respondent's request that he stay appellant's right to execute on the judgment during the Rule 60 appeal, but holding that if appellant wished to do so, it must post a bond or undertaking pursuant to § 18–9–130. The order goes on to provide that should appellant comply with the statute by posting a bond, then respondent in turn could stay the execution by posting its own bond under § 18–9–130. This appeal follows.

## ISSUE

Whether the circuit court erred in holding that § 18–9–130 applied to an appeal from an order denying a Rule 60(b) motion?

## ANALYSIS

 Section 18–9–130 provides:

(A)(1) A notice of appeal from a judgment directing the payment of money does not stay the execution of the judgment unless the presiding judge before whom the judgment was obtained grants a stay of execution.

The predicate for 18-9-130 is that a money judgment has been appealed. Here, respondent, having defaulted, was barred from such a direct appeal, *e.g. Winesett v. Winesett,* 287 S.C. 332, 338 S.E.2d 340 (1985), and instead sought and was denied an opportunity to set that money judgment aside. An order denying the Rule 60(b), SCRCP, motion is simply not "a judgment directing the payment of money." *See also Raby Constr., LLP v. Orr,* 358 S.C. 10, 594 S.E.2d 478 (2004) (Rule 60 order separate and distinct from underlying judgment). An appeal from a 60(b) denial does not stay the original judgment. *Id.*

■ The filing of a Rule 60(b) motion "does not affect the finality of a judgment or suspend its operation." Rule 60(b). If the debtor wishes to stay enforcement of the judgment pending the trial court's disposition of the debtor's Rule 60(b) motion, the burden is on it to make the motion under Rule 62(b), SCRCP. Whether to grant such a stay rests in the court's discretion "on such conditions for the security of the [creditor] as are proper ..." Rule 62(b). The policy expressed in Rule 60 and in Rule 62(b) favors the creditor over the debtor.

■ Moreover, when a debtor appeals the denial of its 60(b) motion, Rule 225, SCACR, which governs stays on appeal, comes into play. The general rule is that an appeal acts as an automatic stay of the relief granted below, subject to certain exceptions. *Id.* Rule 60(b) denials are not subject to an exception, nor is there any logical reason why they would be. The denial of such a motion grants no relief: that "no relief" is automatically stayed leaves the parties in the exact position they were in before the 60(b) motion and appeal, that is, the original judgment is unaffected. Accordingly, absent the grant of some extraordinary relief to the debtor by the appellate court during the pendency of such an appeal, the creditor is entitled to enforce its judgment.

## CONCLUSION

The circuit court order applying § 18-9-130 to the appellant's judgment is

**REVERSED.**

TOAL, C.J., MOORE, WALLER and BEATTY, JJ., concur.