**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Madeleine R. Arata and Kenneth C. Arata, Appellants,

v.

Village West Owners' Association, Inc. D/B/A Village West Horizontal Property Regime, Respondent.

Appellate Case No. 2012-212486

Appeal From Beaufort County
Marvin H. Dukes, III, Master-in-Equity

Unpublished Opinion No. 2014-UP-325
Submitted June 30, 2014 – Filed August 20, 2014
Withdrawn, Substituted and Refiled September 24, 2014

**AFFIRMED**

Madeleine R. Arata and Kenneth C. Arata, pro se, for Appellants.

Brian Charles Pitts, of Smoot & Pitts, of Hilton Head Island, for Respondent.

**PER CURIAM:**  Madeleine and Kenneth Arata appeal the master-in-equity's order refusing to grant them relief from judgment on the basis of extrinsic fraud. We affirm.

1.  We find the master did not err in ruling the documents recovered from the box of records made available during the pendency of the appeal of the original litigation (*Arata I*) failed to provide the required evidence of extrinsic fraud.  The Aratas did not challenge the master's ruling that absent a discovery request in *Arata I*, Village West Owner's Association (Village West) had no affirmative obligation to disclose these documents.  Accordingly, this ruling is the law of the case.  *See Shirley's Iron Works, Inc. v. City of Union,* 403 S.C. 560, 573, 743 S.E.2d 778, 785 (2013) ("An unappealed ruling is the law of the case and requires affirmance."); *Raby Const., L.L.P. v. Orr*, 358 S.C. 10, 21, 594 S.E.2d 478, 484 (2004) (holding the appellant was not entitled to relief for any alleged fraud or misrepresentation because the evidence that was presented in the motion for relief from judgment could have been discovered during the litigation).

2.  We find the master did not err in holding the Aratas were not entitled to relief from judgment due to the statements in *Arata I* by Village West's former attorney and former president that there had been no casualty loss.  The litigation in *Arata I* concerned whether the Aratas had to pay the 2004 assessment; thus the statements concerned only that assessment.  The evidence in the record supports the master's conclusion that the 2004 assessment was not for the purpose of paying for the cost to repair damage caused by Hurricane Floyd in 1999, and there was no evidence linking Hurricane Floyd or any other casualty to the 2004 assessment.  *See Ray v. Ray*, 374 S.C. 79, 84, 647 S.E.2d 237, 239-40 (2007) (stating equitable relief from a judgment is granted for extrinsic fraud on the theory that because the fraud prevented a party from fully exhibiting and trying his case, there has never been a real contest before the court on the subject matter of the action); *Barnes v. Johnson*, 402 S.C. 458, 466, 742 S.E.2d 6, 9 (Ct. App. 2013) (stating equitable standard of review does not require the appellate court to disregard the findings of the trial court, or to ignore the fact that the trial court, who saw and heard the witnesses, is in better position than this court to evaluate their credibility; nor does it relieve the appellant of the burden of convincing this court that the trial court committed error in its findings of fact); *McCall v. IKON*, 380 S.C. 649, 659–60, 670 S.E.2d 695, 701 (Ct. App. 2008) (noting an appealed order comes to the appellate court with a presumption of correctness and the burden is on appellant to demonstrate reversible error).  Furthermore, the trial court did not address the Aratas' contention that even if Village West's attorney did not have knowledge of the falsity or intend to deceive, it would have been constructive fraud.

Accordingly, this issue is not properly before this court. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review."). The Aratas fail to explain how this alleged perjury would constitute extrinsic fraud rather than intrinsic fraud. *See Chewning v. Ford Motor Co.*, 354 S.C. 72, 80, 579 S.E.2d 605, 609 (2003) ("In order to secure equitable relief on the basis of fraud, the fraud must be extrinsic"); *Raby Const., L.L.P. v. Orr*, 358 S.C. 10, 21 n.5, 594 S.E.2d 478, 483 n.5 (2004) (stating allegations of perjury, failure to produce requested discovery, or use of forged documents amount only to intrinsic fraud).

3. We find the Arata's issue concerning funds for the Clipper Building repairs was not addressed by the master and is not properly before this court. *See Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 24, 602 S.E.2d 772, 780 (2004) (stating a party must file a Rule 59, SCRCP, motion when an issue or argument has been raised, but not ruled on, in order to preserve it for appellate review); *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.").

**AFFIRMED.**

**HUFF, WILLIAMS, and THOMAS, JJ., concur.**