**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Richard W. W. Bartley, Jr., Respondent,

v.

Kimberly Norris Bartley, Appellant.

Appellate Case No. 2016-000585

Appeal From York County
Thomas Henry White, IV, Family Court Judge

Unpublished Opinion No. 2017-UP-097
Submitted January 1, 2017 – Filed March 8, 2017

**AFFIRMED**

Barrett Wesley Martin, of Barrett W. Martin, P.A., of
Rock Hill, for Appellant.

Sean Francis Cronin, of The Law Offices of Michael L.
Brown, Jr., of Rock Hill, for Respondent.

**PER CURIAM:**  Kimberly Bartley (Mother) appeals the family court's order
denying her post-trial motion, arguing the court erred by (1) denying her post-trial
motion without a hearing, (2) finding she willfully violated the terms of the divorce
decree, (3) finding her in contempt of court as a matter of law, and (4) awarding

Richard Bartley (Father) attorney's fees.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1.   We find Mother's appeal from the contempt order was untimely.  First, Mother's contention that the family court converted her Rule 60(b), SCRCP, motion to a Rule 59(e), SCRCP, motion lacks merit.  The family court's order denying Mother's Rule 60(b) motion was titled "Order Denying Defendant's Motion to Reconsider," and in its body referred to Mother's post-trial motion as a "Motion to Reconsider."  However, in the order, the family court did not reconsider the merits of its contempt order; the court stated only that a valid return of service was filed and reflected Mother had been personally served.  Moreover, it appears Mother intended her post-trial motion to be a Rule 60(b) motion.  In the motion, Mother stated she was moving "before the Family Court, pursuant to Rule 60(b), SCRCP, for relief from the Contempt Order."  Also, Mother neither challenged the family court's contempt order on the merits, nor did she reference Rule 59(e); she argued only that she had not been served with the contempt action.  *See Arnold v. State*, 309 S.C. 157, 172-73, 420 S.E.2d 834, 842 (1992) ("The purpose of Rule 59(e) . . . is to request the trial judge [] 'reconsider matters properly encompassed in a decision on the merits.'" (quoting *Budinich v. Becton Dickinson and Co.*, 486 U.S. 196, 200 (1988))).  Thus, because Mother's post-trial motion was in fact a Rule 60(b) motion, the time to appeal the family court's contempt order was not stayed as Mother argues.  *See Stearns Bank Nat'l Ass'n v. Glenwood Falls, LP*, 375 S.C. 423, 426, 653 S.E.2d 274, 275 (2007) ("An appeal from a 60(b) denial does not stay the original judgment."); Rule 60(b) ("A motion under [Rule 60](b) does not affect the finality of a judgment or suspend its operation.").

Mother received written notice of the court's contempt order on December 26, 2015.  She filed a notice of appeal from that order on March 21, 2016.  Under Rule 203(b)(3), SCACR, Mother had to appeal the family court's contempt order within thirty days of her receipt of written notice of the order.  *See* Rule 203(b)(3) ("A notice of appeal [from the family court] shall be served in the same manner provided by Rule 203(b)(1)[].").  Therefore, because Mother did not appeal the family court's contempt order until March 21, 2016, her appeal of that order was untimely, and any issues regarding the merits of the family court's contempt order are not properly before this court.  *See Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 14-15, 602 S.E.2d 772, 775 (2004) ("The requirement of service of the notice of

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

appeal is jurisdictional, *i.e.,* if a party misses the deadline, the appellate court lacks jurisdiction to consider the appeal and has no authority or discretion to 'rescue' the delinquent party by extending or ignoring the deadline for service of the notice."); Rule 203(d)(3), SCACR ("If the notice of appeal is not timely filed . . . the appeal shall be dismissed . . . .").

2.  We find the family court acted within its discretion by not holding a hearing on Mother's post-trial motion.[2]  *See Bowman v. Bowman*, 357 S.C. 146, 151, 591 S.E.2d 654, 656 (Ct. App. 2004) ("The decision to grant or deny a motion under Rule 60(b) is within the sound discretion of the trial court."); *id.* ("On review, [this court is] limited to determining whether the trial court abused its discretion in granting or denying such a motion.").  Because Mother requested relief from the family court's order under Rule 60(b), Mother "had the burden of presenting evidence proving the facts essential to entitle h[er] to relief," which is usually done through affidavits.  *Bowers v. Bowers*, 304 S.C. 65, 67-68, 403 S.E.2d 127, 129 (Ct. App. 1991).  However, Mother neither submitted any affidavits nor alleged any facts that would entitle her to relief.  *See id.*  Moreover, Father filed a valid return of service, which created the legal presumption of proper service.  *See Fassett v. Evans*, 364 S.C. 42, 47, 610 S.E.2d 841, 844 (Ct. App. 2005) ("[A] return of [service] creates the legal presumption of proper service . . . .").  Mother's denial of service by Father is not enough to overcome this presumption.  *See id.* ("[A] return of [service] creates the legal presumption of proper service that cannot be 'impeached by the mere denial of service by the defendant.'"  (quoting *Richardson Constr. Co. v. Meek Eng'g and Constr., Inc.*, 274 S.C. 307, 311, 262 S.E.2d 913, 916 (1980))).

**AFFIRMED.**

**HUFF and SHORT, JJ., and MOORE, A.J., concur.**

---

[2] Mother received written notice of the family court's order denying her Rule 60(b) motion on March 11, 2016.  She filed this appeal on March 21, 2016.  Therefore, we find her appeal as to this issue was timely.  *See* Rule 203(b)(3) ("A notice of appeal [from the family court] shall be served in the same manner provided by Rule 203(b)(1)."); Rule 203(b)(1) ("A notice of appeal shall be served on all respondents within thirty . . . days after receipt of written notice of entry of the order or judgment.").