**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Andrey Gergel and Sonja M. Wyatt, Respondents,

v.

Alexander Opoulous, III, Tina B. Opoulous, Sebrina Leigh Jones, and Luxury Land and Homes, Inc., Defendants,

Of whom Tina B. Opoulous is the Appellant.

Appellate Case No. 2023-001762

Appeal From Dorchester County
Maite Murphy, Circuit Court Judge

Unpublished Opinion No. 2025-UP-063
Submitted February 1, 2025 – Filed February 26, 2025

**AFFIRMED**

Stephan Victor Futeral, of Futeral & Nelson, LLC, of Mount Pleasant, for Appellant.

George Hamlin O'Kelley, III, of Buist Byars & Taylor, LLC, of Mount Pleasant, for Respondents.

**PER CURIAM:**  In this contract case, Tina B. Opoulous (Appellant), individually and as personal representative of the Estate of Alexander Opoulous, III, appeals the trial court's orders awarding Andrey Gergel and Sonja M. Wyatt (collectively, Respondents) $217,382.95 in damages and declining to grant her motion for relief from judgment.  On appeal, Appellant argues the trial court abused its discretion in denying her motion to set aside the judgment because the parties failed to comply with mandatory pre-trial mediation requirements, her motion to set aside the judgment was timely, she had a meritorious defense, and the prejudice to the judicial system outweighed prejudice to Respondents.  We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not abuse its discretion in denying Appellant's motion for relief from judgment because the trial court properly applied the South Carolina Rules of Alternative Dispute Resolution (SCRADR) in choosing not to impose discretionary sanctions.  *See Raby Const., L.L.P. v. Orr*, 358 S.C. 10, 17, 594 S.E.2d 478, 482 (2004) ("Whether to grant or deny a motion under Rule 60(b) lies within the sound discretion of the [trial court]."); *id.* at 18, 594 S.E.2d at 482 (stating appellate review of the denial of a Rule 60(b) motion "is limited to determining whether there was an abuse of discretion"); *Wilson v. Dallas*, 403 S.C. 411, 425, 743 S.E.2d 746, 754 (2013) ("An abuse of discretion occurs when a [trial] court's order is controlled by an error of law or there is no evidentiary support for the [trial] court's factual conclusions."); Rule 3(a), SCRADR (stating "[a]ll civil actions filed in the circuit court . . . are subject to court-ordered mediation" unless an exception applies or the case has been granted an exemption); Rule 10(b), SCRADR ("If any person or entity subject to the ADR Rules violates any provision of the ADR Rules without good cause, the court may, on its own motion or motion by any party, impose upon that party, person or entity, any lawful sanctions . . . .").

We further hold the trial court did not abuse its discretion in denying Appellant's motion for relief from judgment because we believe Respondents would be prejudiced if they were required to reopen the case.  *See Rouvet v. Rouvet*, 388 S.C. 301, 309, 696 S.E.2d 204, 208 (Ct. App. 2010) ("In determining whether to grant relief under Rule 60(b)(1), the court must consider the following factors: '(1) the promptness with which relief is sought; (2) the reasons for the failure to act promptly; (3) the existence of a meritorious defense; and (4) the prejudice to the other party.'" (quoting *Mictronics, Inc. v. S.C. Dep't of Revenue*, 345 S.C. 506, 511, 548 S.E.2d 223, 226 (Ct. App. 2001))).  We find Appellant timely filed her motion for relief from judgment because she filed it within thirty days from the entry of judgment.  *See* Rule 60(b), SCRCP (stating a motion for relief from judgment

under Rule 60(b)(1) "shall be made within a reasonable time, and . . . not more than one year after the judgment . . . ."); *Coleman v. Dunlap*, 306 S.C. 491, 495, 413 S.E.2d 15, 17 (1992) ("When a [Rule] 60(b) motion is made within one year of the original judgment, whether the motion was made within a reasonable time after discovery of the mistake is within the sound discretion of the trial [court]."). We further find Appellant had a meritorious defense because Respondents knew about "moisture damage" and structural problems to the property based on the pre-closing home inspection. *See McLaughlin v. Williams*, 379 S.C. 451, 455, 458-59, 665 S.E.2d 667, 669, 671-72 (Ct. App. 2008) (holding home buyers did not have a right to rely on a disclosure statement that indicated no problems with "water seepage, leakage, dampness or standing water" in part because the pre-closing home inspection report and CL-100 revealed "moisture damage" but buyers still moved into the property); *McClurg v. Deaton*, 380 S.C. 563, 575, 671 S.E.2d 87, 94 (Ct. App. 2008) (stating a meritorious defense "need be only one which is worthy of a hearing or judicial inquiry because it raises a question of law deserving of some investigation and discussion or a real controversy as to real facts arising from conflicting or doubtful evidence" (quoting *Thompson v. Hammond*, 299 S.C. 116, 120, 382 S.E.2d 900, 903 (1989))). However, we find that not only did Appellant have the opportunity to raise this defense at trial, she did raise the same general argument she now asserts as a meritorious defense. We find Respondents would be prejudiced by having to reopen a case that has already been litigated and decided on the merits by a jury; therefore, we hold the trial court did not abuse its discretion in denying Appellant's motion for relief from judgment. *See Raby Const., L.L.P.*, 358 S.C. at 17, 594 S.E.2d at 482 ("Whether to grant or deny a motion under Rule 60(b) lies within the sound discretion of the [trial court]."); *id.* at 18, 594 S.E.2d at 482 (stating appellate review "is limited to determining whether there was an abuse of discretion"); *Wilson*, 403 S.C. at 425, 743 S.E.2d at 754 ("An abuse of discretion occurs when a [trial] court's order is controlled by an error of law or there is no evidentiary support for the [trial] court's factual conclusions.").

**AFFIRMED.**[1]

**THOMAS, HEWITT, and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.