## 21080

SANTEE PORTLAND CEMENT CORPORATION, Appellant, v. MID-STATE REDI-MIX CONCRETE CO., INC., and Dorothy Y. Johnson, Respondents.

(260 S. E. (2d) 178)

*John F. Shuler* and *Fred R. Fanning, Jr.* of *Bryant, Fanning & Yarborough,* Orangeburg, *for appellant.*

*W. Rhett Eleazer,* Columbia, *for respondents.*

November 7, 1979.

NESS, Justice:

This appeal is from an order vacating a summary judgment in favor of appellant Santee Portland Cement Corporation on an account and promissory note. We affirm.

Beginning in 1975, Santee delivered substantial quantities of cement on open account to respondent Mid-State Redi-Mix Concrete Company, Inc. Respondent Johnson became the sole stockholder of Mid-State when her husband died in 1976, and in order to satisfy the corporation's indebtedness, she executed a promissory note for $200,000 in favor of Santee.

Santee brought an action on both the account and the note, and obtained a summary judgment. The trial court subsequently granted respndents' motion to vacate the judgment pursuant to Code § 15-27-130 (1976).

Appellant asserts the trial court abused its discretion in setting aside the judgment as respondents lacked evidentiary support for their motion. We disagree.

Affidavits submitted by respondents' counsel indicate they received no notice of the hearing to determine the amount of indebtedness, and that they never agreed to any amount. Moreover, documents submitted by Johnson established a *prima facie* showing of a meritorious defense. Accordingly, we conclude the trial court did not abuse its discretion in vacating the judgment. *University of S. C. Federal Credit Union v. Moye,* 270 S. C. 199, 241 S. E. (2d) 558 (1978).

Appellant next contends Johnson's admission of indebtedness on behalf of Mid-State is tantamount to an admission of her own liability as she signed a promissory note binding both herself and the corporation. This argument ignores Johnson's assertion she signed the note under duress.

Duress renders a contract voidable at the option of the oppressed party, C. J. S., Contracts, § 169; 25 Am. Jur. (2d), Duress and Undue Influences, § 24. Whether or not duress was present is a question ordinarily determined on a case by case basis. *Cherry v. Shelby Mutual Plate Glass & Casualty Co.,* 191 S. C. 177, 4 S. E. (2d) 123 (1939); *In re: Nightingale's Estate,* 182 S. C. 527, 189 S. E. 890 (1937). Therefore, appellant's argument is inappropriate on a motion to vacate a summary judgment.

Appellant's remaining argument was not raised in the lower court and is thus not properly before this Court. *Whittington v. Ranger Ins. Co.,* 261 S. C. 582, 201 S. E. (2d) 620 (1973).

We affirm the order setting aside the summary judgment.

Affirmed.

Lewis, C. J., and Littlejohn, Rhodes and Gregory, JJ., concur.