675 S.E.2d 792

**James Dean GAINEY, Respondent,**

v.

**Jody Lee GAINEY, Appellant.**

**No. 4515.**

Court of Appeals of South Carolina.

Heard Dec. 2, 2008.

Decided March 4, 2009.

Rehearing Denied May 5, 2009.

416

Steven S. McKenzie, of Manning, for Appellant.

Michael W. Self, of Sumter and Robert L. Widener, of Columbia, for Respondent.

PER CURIAM:

This appeal arises from the denial of motions under Rule 60(b)(1)-(4), SCRCP, to set aside a decree of separate support and maintenance issued for Jody Lee Gainey (Wife) and James Dean Gainey (Husband). The family court found that Wife had failed to carry her burden of proof on all issues raised in her motions. Wife appeals, asserting that the family court erred in failing to vacate the decree of separate support and maintenance under Rule 60(b), SCRCP, because (1) the family court lacked subject matter jurisdiction to approve the agreement; (2) Husband committed fraud upon the court; (3) Wife's neglect in not having an attorney present at the hearing was excusable; (4) Wife's entry into the agreement was not free and voluntary; (5) the agreement was unfair; and (6) the family court failed to attempt reconciliation of the parties. We do not find sufficient grounds to vacate the decree of separate support and maintenance.

## FACTUAL AND PROCEDURAL BACKGROUND

The parties were married in 1988 and have two children. During the course of the marriage, Wife's primary responsibilities included managing the family home and raising the children, while Husband provided all of the financial resources for the family. Early in 2004, Husband informed Wife that he wanted a divorce, and both parties proceeded to meet with an attorney, Richard Jones.

Shortly after Husband informed Wife that he wanted a divorce, Wife sought medical treatment and was diagnosed with progressive anxiety and situational-related depression. Wife was treated with anti-depressant therapy on a monthly basis until April 2004 and again in September 2004.

Attorney Jones informed the couple that he would represent only the Wife. A short time later, Jones met solely with Wife and informed her that the proposed property and separation agreement the parties had presented to him was not fair to her. Jones also met with Husband's accountant and that meeting confirmed to Jones that the proposed agreement was not in Wife's best interest. Subsequently, Wife twice instructed Jones to cease any further representation in her case. Jones stated in his affidavit that during one of Wife's telephone conversations with Jones, he heard Husband in the background telling Wife what to say.[1] Wife later asked Jones to resume representing her, but she never executed the attorney-client agreement reaffirming its terms, as requested by Jones. After Wife signed the property and separation agreement with Husband, she again met with Jones and requested that he resume representing her, but Jones refused and recommended she seek other counsel.

The present case commenced in family court when Husband filed a complaint in which he sought a decree of separate support and maintenance, claiming that irreconcilable differences had arisen between the parties. In addition, Husband alleged, among other things, that the parties had entered into a property and separation agreement to resolve all of their marital issues.[2] The parties sought review and approval of the agreement. The *pro se* answer signed by Wife admitted the allegations of the complaint and requested that the court grant the relief.

The parties acknowledged at the hearing for separate support and maintenance that each had made full financial disclosure to the other; that each was satisfied with the terms of the agreement and thought it was fair; that neither was under the influence of any drugs, intoxicants or medications that could affect his or her judgment; and that neither was forced or felt stressed or pressured to enter into the agreement. In addition, Wife indicated that she had consulted an attorney regarding the agreement but wanted to proceed without an

[1]. Jones' affidavit dated January 12, 2005 was filed with the family court in support of Wife's motion to vacate order and set aside agreement.

[2]. The agreement resolved all issues except for the divorce, which was granted at a later date.

attorney because she did not need counsel. The family court issued a decree of separate support and maintenance on July 21, 2004.

On December 27, 2004, Wife attempted to acquire a copy of the transcript from the July 21, 2004 hearing. On April 15, 2005, after receiving no response regarding the transcript, Wife filed a motion to vacate order and set aside agreement under Rule 60(b), SCRCP.[3] The motion was based on alleged fraud on the part of Husband and on the contention that Wife was forced to enter into the property and separation agreement. Wife further alleged that on the date of the hearing, she was being treated for severe depression and was under the influence of medications for mental illness that clouded her judgment.

Subsequently, Wife made a second attempt to obtain a copy of the transcript but she did not receive the transcript until August 2005. Thereafter, she filed her first and second amended motions. In her first amended motion to vacate order and set aside agreement, Wife asserted that the family court lacked subject matter jurisdiction to hear the matter under S.C.Code Ann. § 20–3–130(G) (Supp.2008) because the parties were still residing together at the time the matter was heard,[4] and as such the judgment was void under Rule 60(b)(4), SCRCP. The second amended motion contended that the family court erred when it failed to attempt reconciliation of the parties. The family court denied the motions and this appeal followed.

## ISSUES ON APPEAL

1. Did the family court lack subject matter jurisdiction to approve the agreement under S.C.Code Ann. § 20–3–130(G) (Supp.2008)?

2. Did the family court err in failing to vacate the original order under Rule 60(b), SCRCP, where Husband allegedly committed fraud upon the court; where Wife's neglect in not having an attorney present at the hearing

---

3. Wife's motion to vacate was filed within the one-year time period specified in Rule 60(b), SCRCP.

4. Husband did not vacate the marital home until the day of the hearing.

was excusable, and her entry into the agreement was allegedly not free and voluntary; and where the agreement was unfair?

3. Did the family court err in failing to attempt reconciliation of the parties?

## STANDARD OF REVIEW

■ "The decision to grant or deny a motion under Rule 60(b) is within the sound discretion of the trial court." *Lanier v. Lanier*, 364 S.C. 211, 215–16, 612 S.E.2d 456, 458 (Ct.App. 2005) (citing *Coleman v. Dunlap*, 306 S.C. 491, 494, 413 S.E.2d 15, 17 (1992)). Therefore, the decision can be reversed only if the family court abused its discretion. *Raby Constr., L.L.P. v. Orr*, 358 S.C. 10, 18, 594 S.E.2d 478, 482 (2004). An abuse of discretion occurs when the judge issuing the order was controlled by an error of law or the order is based on factual conclusions that are without evidentiary support. *BB&T v. Taylor*, 369 S.C. 548, 551, 633 S.E.2d 501, 503 (2006) (citing *Tri–County Ice & Fuel Co. v. Palmetto Ice Co.*, 303 S.C. 237, 242, 399 S.E.2d 779, 782 (1990)).

■ However, as to the family court's findings of fact, the appellate court has the authority to find facts in accordance with its own view of the preponderance of the evidence. *Ables v. Gladden*, 378 S.C. 558, 564, 664 S.E.2d 442, 445 (2008). This does not require the appellate court, however, to disregard the findings of the family judge, who saw and heard the witnesses. *Wooten v. Wooten*, 364 S.C. 532, 540, 615 S.E.2d 98, 102(2005); *Badeaux v. Davis*, 337 S.C. 195, 202, 522 S.E.2d 835, 838 (Ct.App.1999).

## LAW/ANALYSIS

### A. The Court's Jurisdiction

■ Wife contends the family court lacked subject matter jurisdiction to issue a decree for separate support and maintenance and approve the agreement because the parties were not living separate and apart. We disagree that subject matter jurisdiction was implicated. Further, we find that because this issue was not presented to the family court at the time the agreement was approved, any error was not preserved and

cannot be raised successfully in this collateral attack via a Rule 60, SCRCP motion. Therefore, we hold that the family court correctly denied Wife relief under Rule 60(b)(4), SCRCP, and we need not reach the propriety of the family court's exercise of authority under S.C.Code Ann. § 20–3–130(G) (Supp.2008).

A judgment of a court without subject matter jurisdiction is void and constitutes grounds for the court to vacate the judgment under Rule 60(b)(4). *Thomas & Howard Co., Inc. v. T.W. Graham & Co.*, 318 S.C. 286, 291, 457 S.E.2d 340, 343 (1995); Rule 60(b)(4) (stating a court may relieve a party from a final judgment if the judgment is void). "A void judgment is one that, from its inception, is a complete nullity and is without legal effect and must be distinguished from one which is merely 'voidable.'" *Thomas & Howard Co.*, 318 S.C. at 291, 457 S.E.2d at 343 (1995) (citation omitted).

However, subject matter jurisdiction refers to the court's "power to hear and determine cases of the general class to which the proceedings in question belong." *Dove v. Gold Kist, Inc.*, 314 S.C. 235, 237–38, 442 S.E.2d 598, 600 (1994) (citations omitted); *Great Games, Inc. v. S.C. Dep't of Revenue*, 339 S.C. 79, 83 n. 5, 529 S.E.2d 6, 8 n. 5 (2000) (citations omitted); *see also State v. Gentry*, 363 S.C. 93, 610 S.E.2d 494 (2005). Numerous cases have held that subject matter jurisdiction is not implicated when the court possesses the power to hear and determine cases of the general class to which the proceedings in question belong. *See State v. Campbell*, 376 S.C. 212, 656 S.E.2d 371 (2008); *Johnston v. S.C. Dep't of Lab., Licensing, and Reg., S.C. Real Estate Appraisers Bd.*, 365 S.C. 293, 617 S.E.2d 363 (2005); *Fryer v. S.C.L. Enforcement Div.*, 369 S.C. 395, 631 S.E.2d 918 (2006).

In the instant case, Wife did not challenge the family court's authority under section 20–3–130(G) at the time of the hearing for separate support and maintenance, nor did she file a direct appeal from that order. Instead, some thirteen months after issuance of the order, Wife asserted the family court lacked jurisdiction to approve the agreement in her Rule 60(b)(4), SCRCP, motion to vacate the judgment. Wife knew that she and Husband were still living together on the day of the hearing; therefore, this issue could have been raised at the

hearing, and because it does not implicate the family court's subject matter jurisdiction, it could not be raised at any time and is unpreserved. *See Patterson v. Reid,* 318 S.C. 183, 185, 456 S.E.2d 436, 437 (Ct.App.1995) (finding a party may not use a post-trial motion to raise an issue that could have been raised at trial).

Accordingly, the family court correctly denied Wife relief under Rule 60(b)(4) and we need not reach the issue of whether the family court properly exercised authority under section 20–3–130(G).

## B. Husband's Fraud

Wife asserts that the family court erred in denying her motion to vacate because Husband allegedly committed fraud when he misrepresented his financial condition, deliberately oppressed Wife, and prevented her from having access to her attorney until after the agreement was signed.

Rule 60(b)(3), SCRCP, provides:

(b) **Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

. . .

(3) fraud, misrepresentation, or other misconduct of an adverse party;

Rule 60(b)(3), SCRCP. (emphasis in original).

. In South Carolina, extrinsic fraud is the only type of fraud for which relief may be granted under Rule 60(b)(3), SCRCP. *Raby Const., L.L.P.,* 358 S.C. at 20, 594 S.E.2d at 483; *Jamison v. Ford Motor Co.,* 373 S.C. 248, 273, 644 S.E.2d 755, 768 (Ct.App.2007). Extrinsic fraud is "fraud that induces a person not to present a case or deprives a person of the opportunity to be heard." *Hilton Head Ctr. of S.C. v. Public Serv. Commn.,* 294 S.C. 9, 11, 362 S.E.2d 176, 177 (1987). "Relief is granted for extrinsic fraud on the theory that because the fraud prevented a party from fully exhibiting and trying his case, there has never been a real contest before the court on the subject matter of the action." *Id.* On the other

hand, intrinsic fraud is fraud which was presented and considered at trial. *Hagy v. Pruitt*, 339 S.C. 425, 431–32, 529 S.E.2d 714, 718 (2000) (citing *Evans v. Gunter*, 294 S.C. 525, 529, 366 S.E.2d 44, 46 (Ct.App.1988)). It is fraud which misleads and induces the court to find in favor of the party perpetrating the fraud. *Hilton Head Ctr.*, 294 S.C. at 11, 362 S.E.2d at 177.

The court grants relief for extrinsic but not intrinsic fraud on the theory that intrinsic deceptions should be discovered during the litigation itself, and to permit such relief would undermine the stability of all judgments. *Raby Const., L.L.P.*, 358 S.C. at 20, 594 S.E.2d at 483 (citing *Mr. G v. Mrs. G*, 320 S.C. 305, 308, 465 S.E.2d 101, 103 (Ct.App.1995)). The essential distinction between intrinsic and extrinsic fraud for purposes of relief from judgment is the ability to discover the fraud. *Ray v. Ray*, 374 S.C. 79, 84, 647 S.E.2d 237, 239 (2007).

Here, if Husband did in fact misrepresent his financial condition, his actions would constitute intrinsic fraud because the deception was the type that would have misled the court in determining the issues, and his fraud could have been discovered during the action itself. Such fraud is not a ground for Rule 60(b)(3) relief.

Further, Wife is not entitled to relief for any alleged fraud or misconduct pursuant to Rule 60(b)(3), because the evidence that was presented in her motion to vacate could have been discovered during the litigation. "[A] party may not prevail on a Rule 60(b)(3) motion on the basis of fraud where he or she has access to disputed information or has knowledge of inaccuracies in an opponent's representations at the time of the alleged misconduct." *Raby Const., L.L.P.*, 358 S.C. at 21, 594 S.E.2d at 484; *Bowman v. Bowman*, 357 S.C. 146, 152, 591 S.E.2d 654, 657 (Ct.App.2004) (where a party could have discovered the "new" evidence prior to trial, the party is not entitled to relief under Rule 60(b)(2) or (3)). Wife had an attorney assisting her prior to commencement of the original action (whom she later released). Her attorney met with Husband's accountant to review Husband's business records prior to approval of the agreement. In addition, apart from Husband's financial declaration, Wife had other financial information in her possession at the time of the hearing. Thus, she is not entitled to relief.

Wife likens her case to *Ray v. Ray*, which holds that "an act of perjury or concealment of a document coupled with an intentional scheme to defraud justifies the setting aside of a judgment pursuant to Rule 60(b) due to extrinsic fraud." 374 S.C. at 86, 647 S.E.2d at 241. However, we distinguish *Ray* because in that case, Wife concealed assets through an unknown third party not subject to discovery and, therefore, engaged in conduct or activities outside of the court proceedings which deprived Husband of the opportunity to fully exhibit and try his case. Here, Wife had access to inaccuracies in Husband's representations at the time of the alleged misconduct.

In addition, Wife failed to offer sufficient proof that Husband deliberately oppressed her and that he prevented her from having access to her attorney until after the agreement was signed. When a party asserts grounds for relief because of fraud, misrepresentation, or other misconduct of an adverse party under Rule 60(b)(3), SCRCP, the movant must prove her entitlement by clear and convincing evidence. *Chewning v. Ford Motor Co.*, 354 S.C. 72, 86, 579 S.E.2d 605, 612 (2003).

While the record clearly indicates that Wife did not have an attorney at the time of the hearing, there is insufficient evidence that this was a result of Husband's actions. Jones' affidavit indicates that while Wife entered into a fee agreement with him in April 2004, she instructed him to cease representing her on May 10, 2004. Wife returned to see Jones a week later to resume representation. Jones informed her that he could not represent her until she signed a copy of the attorney-client agreement reaffirming its terms and conditions. Wife never signed the agreement and never contacted Jones again prior to the hearing for separate support and maintenance. Wife testified at the hearing that she did not want an attorney. Wife later testified that Husband instructed her to fire Jones because he was giving her bad advice and Husband would not pay Jones any additional money. Jones also expressed his opinion that Husband overreached Wife and instructed her to fire Jones. However, this is insufficient evidence that Husband committed any act of deception that prevented Wife from being represented by an attorney. It does not indicate extrinsic fraud.

## C. Duress

 Wife contends that she was forced to enter the property and separation agreement and as such, the court erred in refusing to vacate the judgment. We disagree. Wife's argument was properly rejected because Wife failed to present sufficient evidence that she was under duress when she entered into the agreement.

 The central question when determining whether a contract was executed under duress is whether, considering all the surrounding circumstances, one party to the transaction was prevented from exercising his free will by threats or the wrongful conduct of another.[5] 17A Am.Jur.2d *Contracts* § 218 (2004). Freedom of will is fundamental to the validity of an agreement. *Id.* A party claiming duress can prevail if she shows that she has been the victim of a wrongful act or threat that deprives her of free will, with the result that she was compelled to make a disproportionate exchange of values. *Id.*

 Three factors must be proved in order to establish that a contract was procured through duress: (1) that the person was coerced to enter into the contract; (2) that the person was put in such fear that he was bereft of the quality of mind essential to the making of a contract; and (3) that the contract was thereby obtained as a result of this state of mind. *In re Nightingale's Estate,* 182 S.C. 527, 527, 189 S.E. 890, 897 (1937). If a party's manifestation of assent is induced by an improper threat by the other party that leaves the victim no reasonable alternative, the contract is voidable by the victim. *Willms Trucking Co., Inc. v. JW Constr. Co. Inc.,* 314 S.C. 170, 179, 442 S.E.2d 197, 202 (Ct.App.1994). Whether duress exists in a particular case is a question of fact to be determined according to the circumstances of each case, such as the age, sex, and capacity of the party influenced. *See Santee Portland Cement Corp. v. Mid–State Redi–Mix Concrete Co.,*

---

5. In South Carolina jurisprudence, marital settlement agreements are viewed as contracts. *Harris–Jenkins v. Nissan Car Mart, Inc.,* 348 S.C. 171, 177, 557 S.E.2d 708, 711 (Ct.App.2001); *see also Pruitt v. S.C. Med. Malpractice Liab. Joint Underwriting Ass'n,* 343 S.C. 335, 339, 540 S.E.2d 843, 845 (2001) (enforcement of the terms of a settlement agreement is a matter of contract law); *Mattox v. Cassady,* 289 S.C. 57, 61, 344 S.E.2d 620, 622 (Ct.App.1986) (applying the general rules of contract construction to a marital settlement agreement).

273 S.C. 784, 786, 260 S.E.2d 178, 179 (1979) (stating whether or not duress was present is a question ordinarily determined on a case-by-case basis).

In *Forsythe v. Forsythe,* the court found no evidence that the agreement was not freely and voluntarily entered into where, upon being questioned by the trial judge, the wife answered affirmatively that she understood the agreement, had entered into it of her own free will and accord, was not under duress or fear, and was satisfied with the services of her attorney. *Forsythe v. Forsythe,* 290 S.C. 253, 255–56, 349 S.E.2d 405, 406 (Ct.App.1986). Likewise, in *Burnett v. Burnett,* the court concluded that the Wife freely and voluntarily entered into a separation agreement where there was no evidence that Wife was compelled to enter into the agreement as a result of being overreached or subjected to any duress, "nor was there any evidence that she was not of sound mind or under any unusual stress, other than the stress normally attendant to the breakup of a marriage." *Burnett v. Burnett,* 290 S.C. 28, 30, 347 S.E.2d 908, 909 (Ct.App.1986); *see also Sauls v. Sauls,* 287 S.C. 297, 300, 337 S.E.2d 893, 895 (Ct.App. 1985) ("Based on the evidence here, we find the agreement was freely and voluntarily entered into by Mr. and Mrs. Sauls. Both parties had the benefit of legal advice before signing it.").

In the present case, Wife asserts, as the grounds for her allegation of duress, mental abuse by Husband, his refusal to vacate the marital home until the agreement was signed and approved, and his complete control over Wife's access to legal representation. However, Wife fails to demonstrate specific instances of mental abuse that influenced her state of mind to such an extent that she could not exercise her free will. There is no evidence that Husband made any improper threat to Wife that left Wife with no reasonable alternative. Nor is there sufficient evidence that Wife was under any unusual stress, other than the stress normally attendant to the break-up of a marriage. Wife simply has not shown sufficient facts to support her contention that she was coerced to enter into the property and settlement agreement. Indeed, Wife testified that she read every line of the agreement and understood it and was not under stress or pressure to sign the agreement.

Thus, the family court did not err in denying Wife's motion to vacate on the ground of duress.

### D. Wife's Excusable Neglect

 Wife asserts that the family court erred in denying her motion to vacate, because her neglect in not having an attorney present at the hearing for approval of the agreement was excusable. She contends that she was living under extreme duress and also suffered from a medical condition that prevented her from making decisions on her own at the time. We disagree.

 Rule 60(b)(1), SCRCP, authorizes the trial court to relieve a party from a final judgment where the party demonstrates "mistake, inadvertence, surprise, or excusable neglect...." The decision to grant or deny a motion to set aside a judgment for excusable neglect lies within the sound discretion of the trial court. *RRR, Inc. v. Toggas,* 378 S.C. 174, 180, 662 S.E.2d 438, 441 (Ct.App.2008).

The evidence presented to the family court was insufficient to support Wife's contention of excusable neglect. The only evidence of Wife's medical condition is a letter from her internist, who had treated Wife for depression. However, there is no evidence that Wife was being treated at the time of the hearing for separate support and maintenance or at the time she entered into the property and settlement agreement. In fact, the internist's letter reports that Wife had not received any treatment from about April 2004 to September 2004. There is no evidence that Wife was being treated for depression in July 2004, no evidence of any medications taken by Wife during that period, and no evidence of any medical condition that adversely affected her ability to make decisions at the time she executed the agreement. Further, the family court, which had the opportunity to observe Wife's demeanor at the July 2004 hearing, found no indication that she was emotionally distraught or that her judgment was clouded.

Moreover, the family court questioned Wife extensively about the agreement, and she indicated that she entered into the agreement without any coercion, and the stress of the situation did not make her feel as if she had no choice but to sign the agreement. She also stated that she was not under

the influence of any drugs or medications that may have affected her judgment when the parties negotiated the agreement or at the hearing. The family court stated, in reference to Wife's demeanor during the hearing: "I find her to be most attentive in answering my questions. She is engaged in the process . . . ."

Thus, there was no abuse of discretion and the family court correctly denied Wife's request to vacate the judgment on the ground of excusable neglect.

### E. Unfairness of the Agreement

Wife asserts that the agreement was procedurally and substantively unfair to her because she was unrepresented by an attorney, and the property division was more favorable to her husband. She contends that for those reasons, the family court erred in refusing to vacate the judgment. We disagree. Wife's argument was properly rejected because lack of fairness is not a ground for relief under Rule 60(b), SCRCP.

### F. Failure of the Court to Attempt Reconciliation of the Parties

Wife asserts that because the family court did not attempt reconciliation at the hearing, the judgment was void pursuant to Rule 60(b)(4), SCRCP. We disagree.

When interpreting the language of a statute the court should give words their plain and ordinary meaning, without resorting to subtle or forced construction to limit or expand the statute's operation. *Sloan v. S.C. Bd. of Physical Therapy Exam'rs,* 370 S.C. 452, 469, 636 S.E.2d 598, 607 (2006). Here, clearly, the reconciliation requirement in S.C.Code Ann. § 20–3–90 (1976) is required only in divorce actions. No other meaning can be derived from a plain reading of the statute:

> In all cases referred to a master or special referee, such master or special referee shall, except in default cases, summon the party or parties within the jurisdiction of the court before him and shall in all cases make an earnest effort to bring about a reconciliation between the parties if they appear before him. No judgment of divorce shall be granted in such case unless the master or special referee to whom such cause may have been referred shall certify in his

report or, if the cause has not been referred, unless the trial judge shall state in the decree that he has attempted to reconcile the parties to such action and that such efforts were unavailing.

S.C.Code Ann. § 20–3–90 (1976).

In view of the fact that the July 21, 2004 hearing was for the issuance of a decree of separate support and maintenance, and not one for divorce, the family court was not required to inquire into the possibility of reconciliation, and failure to do so did not void the order.

Wife also cites S.C.Code Ann. § 20–7–850 as authority for the proposition that a reconciliation inquiry is required. However, that statute applies to child support actions. This was an action for separate support and maintenance, and therefore, it was not necessary that the family court inquire into reconciliation. Consequently, no error occurred.

## CONCLUSION

Accordingly, the family court's order is

**AFFIRMED.**

HEARN, C.J., HUFF, J., and GEATHERS, J., concur.