THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Cupid Shaw, Respondent,
 
 
 
 
 

v.

 
 
 
 Anna Lee Shaw
 and Jerome Shaw, Defendants
 
 
 Of whom Anna
 Lee Shaw Is Appellant.
 
 
 
 
 

Appeal From Berkeley County
 Aphrodite K. Konduros for Billy A.
Tunstall, Jr.
and Billy A. Tunstall, Jr., Family Court
Judge

Unpublished Opinion No. 2010-UP-344
 Submitted May 3, 2010  Filed June 30,
2010

AFFIRMED

 
 
 
 Deborah K. Lewis, of Charleston, for
 Appellant.  
 John B. Williams, of Moncks Corner, for
 Respondent.
 
 
 

PER CURIAM: In this family court case, Anna Lee Shaw (Wife) appeals from an order of Judge
 Tunstall granting Cupid Shaw (Husband) sole authority to conduct listing
 arrangements, negotiations, and the final sale of certain jointly held
 property, free of interference or control by Wife, and an order of Judge
 Konduros, on behalf of Judge Tunstall, denying Wifes motions pursuant to Rules
 59 and 60, SCRCP.  Wife contends (1) Judge Tunstall erred in proceeding with a
 hearing when another judge had retained jurisdiction of the matter and no
 written order was entered by the prior judge relinquishing jurisdiction; (2)
 Judge Tunstall erred and abused his discretion by issuing an order on Husbands
 rule to show cause which effectively modified the underlying order and granted
 new relief not requested by Husband; (3) Judge Tunstall erred in proceeding
 with the hearing on March 17, 2008 knowing that the defendant Jerome Shaw had
 not been notified of the hearing or dismissed from the action as Jerome was a
 necessary party to the case; (4) the underlying orders upon which Judge
 Tunstall based his ruling were without subject matter jurisdiction or were
 ambiguous and unenforceable; (5) Judge Tunstall was barred by equity from
 enforcing the order of Judge Cate filed April 26, 2008 and was it an abuse of
 discretion by Judge Tunstall to enforce the order.  We affirm.[1]
1.  We decline to rule on
 whether (1) Judge Tunstall erred in proceeding with a hearing when another
 judge had retained jurisdiction of the matter and no written order was entered
 by the prior judge relinquishing jurisdiction; (2) Judge Tunstall erred in
 proceeding with the hearing on March 17, 2008 knowing that the defendant Jerome
 Shaw had not been notified of the hearing or dismissed from the action as
 Jerome was a necessary party to the case; and (3) Judge Tunstall was barred by
 equity from enforcing the order of Judge Cate filed April 26, 2008 and whether
 it was an abuse of discretion by Judge Tunstall to enforce the order.  These
 issues clearly are not preserved for our review.  Payne
 v. Payne, 382 S.C. 62, 70, 674 S.E.2d 515,
 519 (Ct. App. 2009) (To be preserved for appellate review, an issue must have
 been raised to and ruled upon by the trial judge.  Issues not raised and ruled
 upon in the trial court will not be considered on appeal.); see also Dixon v. Dixon, 362 S.C. 388, 399, 608 S.E.2d 849, 854 (2005) (finding
 issue raised for first time in a Rule 59, SCRCP motion is not preserved for
 review); Gartside v. Gartside, 383 S.C. 35, 43, 677 S.E.2d 621, 625 (Ct.
 App. 2009) (a party cannot use a motion to reconsider, alter or amend a
 judgment to present an issue that could have been raised prior to the judgment
 but was not).
2.  We find no merit to
 Wifes assertion Judge Tunstall erred and abused his discretion by issuing an
 order which effectively modified Judge Cates order and granted new relief that
 was not requested by Husband.  Assuming arguendo that the issue is properly preserved
 because Wife could not have raised the matter until her post-trial motion since
 she did not know of it prior to the judgment, it is clear Judge Tunstall did
 not modify clear and unambiguous terms of a divorce or separation agreement as
 prohibited by Nicholson v. Nicholson, 378 S.C. 523, 532, 663 S.E.2d 74,
 79 (Ct. App. 2008), but simply construed Judge Cates order incorporating the parties
 agreement to effect the intent of the judge and the parties, and did so in
 accordance with principles of equity and the rule that implied in every such
 agreement is a requirement of reasonableness.  Davis v. Davis, 372 S.C.
 64, 75, 641 S.E.2d 446, 451 (Ct. App. 2006).  Further, a family court may
 exercise its power in equity to ensure a just result.  Buckley v. Shealy,
 370 S.C. 317, 323-24, 635 S.E.2d 76, 79 (2006) (citing Ex Parte Dibble,
 279 S.C. 592, 595-96, 310 S.E.2d 440, 442 (Ct. App. 1983) for the proposition
 that all courts have the inherent power to do all things reasonably necessary
 to ensure that just results are reached to the fullest extent possible). 
 Additionally, in consideration of Husbands petition, as well as his argument
 and presentation of evidence at the hearing, it is equally clear that Judge
 Tunstall did not, as asserted by Wife, grant Husband relief not requested. 
 Finally, Wifes argument in this respect may be considered abandoned on appeal
 based on the conclusory nature of her argument and failure to cite any law in
 support thereof.  See Mulherin-Howell v. Cobb, 362 S.C. 588, 600,
 608 S.E.2d 587, 593-94 (Ct. App. 2005) (noting when an appellant fails to cite
 any supporting authority for his position and fails to provide any argument or
 makes conclusory arguments, the appellant abandons the issue on appeal).
3.  We further find subject
 matter jurisdiction was not implicated, and because Wife failed to challenge
 the family courts authority at the time of the numerous hearings and failed to
 directly appeal the previous orders, the matter is not preserved.  We likewise
 hold Wifes ambiguity argument is not preserved as she failed to raise the
 issue before Judge Tunstall.  
Subject matter jurisdiction
 refers to a courts constitutional or statutory power to adjudicate a
 particular case.  Johnson v. S.C. Dept of Prob., Parole, & Pardon
 Servs., 372 S.C. 279, 284, 641 S.E.2d 895, 897 (2007).  More simply, it is
 the power to hear and determine cases of the general class to which the
 proceedings in question belong.  Coon v. Coon, 364 S.C. 563, 566, 614
 S.E.2d 616, 617 (2005).  Numerous of our courts cases have held that subject
 matter jurisdiction is not implicated when the court possesses the power to
 hear and determine cases of the general class to which the proceedings in
 question belong.  Gainey v. Gainey, 382 S.C. 414, 424, 675 S.E.2d 792,
 797 (Ct. App. 2009).  The family court does not have jurisdiction to apportion
 nonmarital property.  Simmons v. Simmons, 370 S.C. 109, 113-14, 634
 S.E.2d 1, 3 (Ct. App. 2006); S.C. Code Ann. § 20-7-473 (Supp. 2007) (repealed
 and replaced by § 20-3-630); S.C. Code Ann. § 20-3-630(B) (Supp. 2009). 
 However, the family court undoubtedly has jurisdiction to determine whether
 property is marital or nonmarital.  See S.C. Code Ann. § 20-7-420
 (A)(2)(Supp. 2007) (repealed and replaced by § 63-3-530(A)(2)) (providing the
 family court has exclusive jurisdiction to hear and determine actions [f]or
 divorce a vinculo matrimonii, separate support and maintenance, legal
 separation, and in other marital litigation between the parties, and for
 settlement of all legal and equitable rights of the parties in the actions in
 and to the real and personal property of the marriage . . . .); S.C. Code Ann.
 § 63-3-530(A)(2) (2010) (likewise providing the family court has exclusive
 jurisdiction to hear and determine actions for divorce a vinculo matrimonii,
 separate support and maintenance, legal separation, and in other marital
 litigation between the parties, and for settlement of all legal and equitable
 rights of the parties in the actions in and to the real and personal property
 of the marriage . . . .); S.C. Code Ann. § 20-3-620(A) (Supp. 2009) (stating, [i]n
 a proceeding for divorce a vinculo matrimonii or separate support and
 maintenance, . . . and in other marital litigation between the parties, the
 court shall make a final equitable apportionment between the parties of the
 parties marital property upon request by either party in the pleadings); S.C.
 Code Ann. § 20-3-630(A) (Supp. 2009) (defining marital property and that which,
 by exception, constitutes nonmarital property).        
Implicit in the courts
 orders is that the 1.3 acres constituted marital property.[2] 
 The determination of the marital nature of the property in question arose in
 the course of marital litigation and was therefore within the family courts
 jurisdiction under former section 20-7-420(A)(2) and current section
 63-3-530(A)(2).  Thus, the family court has subject matter jurisdiction over
 the matter.  Additionally, Wife did not challenge the family courts authority
 over the property in question at the time of the 1993 hearing, nor even the
 2000 hearing, nor does it appear she filed any direct appeals from either of
 those orders.  The issue of the courts authority could have been raised in
 those hearings but was not, and because the matter does not implicate subject
 matter jurisdiction, it may not simply be raised at any time, and is therefore
 unpreserved.  See Gainey, 382 S.C. at 424-25, 675 S.E.2d at 797
 (holding subject matter jurisdiction was not implicated in action for separate
 maintenance and support and approval of the parties agreement where wife
 subsequently asserted the parties were not living separate and apart; wifes
 failure to challenge the family courts authority at the time of the hearing
 and failure to directly appeal the order rendered the matter unpreserved and
 her attempt to assert the courts lack of subject matter jurisdiction some
 thirteen months later in a post-trial motion was properly denied).  Because the
 court has subject matter jurisdiction to determine whether property is marital
 or nonmarital, and because Wife did not challenge the implicit rulings of the
 family court that the property in question was marital, this issue is not
 preserved and Wifes attempt to classify the matter as a subject matter
 jurisdiction issue will not save her from the preservation rules of our
 courts.   
Further there is no merit to
 Wifes contention the court lacked subject matter jurisdiction by virtue of the
 courts failure to join Jerome as a necessary party to the 2000 action because
 the property had already been conveyed to Jerome.  At this point the orders
 implicitly provided, and Wife agreed, that the property in question was
 marital.  The fact that Wife may have deeded the property to a third party in
 contravention of the family courts order did not divest the court of subject
 matter jurisdiction over Husbands petition to hold Wife in contempt for
 violation of the courts order.
Lastly, as noted by Husband,
 Wife failed to raise any issue concerning ambiguity in the 1993 order of Judge
 Creech before Judge Tunstall at the 2008 hearing.  Accordingly, this argument
 is not preserved for review.  See Payne, 382 S.C. at 70, 674 S.E.2d at 519 (stating to be
 preserved for appellate review, an issue must have been raised to and ruled
 upon by the trial judge, and issues not raised and ruled upon in the trial
 court will not be considered on appeal); Dixon, 362 S.C. at 399, 608
 S.E.2d at 854 (finding issue raised for first time in a Rule 59, SCRCP motion
 is not preserved for review).
AFFIRMED.
FEW, C.J., and HUFF and
 WILLIAMS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.
[2] We note there is no merit to Wifes contention
 that the court lacked subject matter jurisdiction because Husband expressly
 waived interest in her inherited property and the 1.3 acres was inherited
 property.  Wife has taken inconsistent positions that (1) the property was
 given to Jerome by her father and she merely held the property in trust and
 that (2) the property was inherited by her.  A review of the record reveals
 that the property was actually deeded to Wife in 1985, not inherited by her.
 She then deeded the property to Jerome in 1997.