THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Phillip
 Herriott, as Personal Representative of the Estate of Sheila D. Herriott,
 Deceased, Appellant,
 
 
 
 
 

v.

 
 
 
 Hospital
 Corporation of America, Grand Strand Regional Medical Center, Carolina Health
 Specialists, and George Sandoz, M.D., Defendants,
 
 
 Of whom Grand
 Strand Regional Medical Center is the Respondent.
 
 
 
 
 

Appeal From Horry County
 G. Thomas Cooper, Jr., Circuit Court
Judge

Unpublished Opinion No.  2011-UP-123  
 Submitted March 1, 2011  Filed March 24,
2011

AFFIRMED

 
 
 
 Tucker S. Player, of Columbia; and
 Geoffrey H. Waggoner, of Mount Pleasant, for Appellant.
 Monteith P. Todd and John C. Bradley, both
 of Columbia; and David H. Batten and Randolph L. Lee, both of Raleigh, for
 Respondent.
 
 
 

PER CURIAM: Phillip Herriott, as personal
 representative of the Estate of Sheila Herriott, appeals the trial court's denial
 of his motion to vacate, amend, or modify an order granting partial summary
 judgment to Grand Strand Regional Medical Center.   Herriott contends he was entitled to relief pursuant
 to Rule 60(b), SCRCP.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities: Stearns
 Bank Nat'l Ass'n v. Glenwood Falls, LP, 373 S.C. 331, 342, 644 S.E.2d 793,
 798 (Ct. App. 2007) ("The general rule undoubtedly is that the neglect of
 the attorney is the neglect of the client, and that no mistake, inadvertence or
 neglect attributable to the attorney can be successfully used as a ground for
 relief, unless it would have been excusable if attributable to the client.  The
 acts and omissions of the attorney in such case are those of the client."); see also Gainey v. Gainey, 382 S.C. 414, 431, 675 S.E.2d 792, 801
 (Ct. App. 2009) ("[L]ack of fairness is not a ground for relief under Rule
 60(b), SCRCP."); Saro Invs. v. Ocean Holiday P'ship, 314 S.C. 116,
 125, 441 S.E.2d 835, 841 (Ct. App. 1994) (holding Rule 60(b)(1) "is an
 improper vehicle for obtaining a modification of a final judgment based on . .
 . a mistaken understanding of the law").  
AFFIRMED.
FEW, C.J., and
 WILLIAMS and KONDUROS, JJ., concur.

[1] We decide this
 case without oral argument pursuant to Rule 215, SCACR.