THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY
RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Charles Robert Maybury, Jr., Appellant,
 v.
 Christen R. Maybury, Respondent.
 
 
 

Appeal From Greenville County
Rochelle Y. Conits, Family Court Judge

Unpublished Opinion No. 2011-UP-170
Submitted March 1, 2011  Filed April 18, 2011   

AFFIRMED

 
 
 
 Adam Fisher, Jr., of Greenville, for Appellant.
 J. Faulkner Wilkes, of Greenville, for Respondent.
 Thomas J. Quinn, of Greenville, for the Guardian ad Litem, Nela Laughridge.   
 
 
 

PER CURIAM:  Appellant Charles Robert Maybury, Jr. (Husband) seeks review of an order of the family court denying his motion for relief under
Rule 60(b)(3), SCRCP, from a decree granting Christen R. Maybury (Wife) a divorce from Husband on the ground of adultery.  Husband challenges the family
court's conclusion that he failed to show Wife committed extrinsic fraud during the divorce proceedings.  We affirm pursuant to Rule 220(b), SCACR, and the
following authorities:  Ray v. Ray, 374 S.C. 79, 84, 647 S.E.2d 237, 239 (2007) (holding that the essential distinction between intrinsic and
extrinsic fraud for purposes of relief from judgment is the ability to discover the fraud); Gainey v. Gainey, 382 S.C. 414, 423, 675 S.E.2d 792,
796 (Ct. App. 2009) (holding that the decision to grant or deny a Rule 60(b) motion is within the family court's sound discretion); id. at 425, 675
S.E.2d at 798 (holding that the only type of fraud for which relief may be granted under Rule 60(b)(3), SCRCP, is extrinsic fraud, which induces a person not to
present a case or deprives a person of the opportunity to be heard); id. at 425-27, 675 S.E.2d at 798-99 (holding that a wife could not establish
extrinsic fraud because she had the ability to discover her husband's alleged deception during the pendency of the Husband's action for separate maintenance); Bowman
v. Bowman, 357 S.C. 146, 152, 591 S.E.2d 654, 657 (Ct. App. 2004) ("South Carolina's strong policy towards finality of judgments trumps a
party's ability to set aside a judgment where . . . the party could have discovered the evidence prior to trial. "); Perry v. Heirs at Law of Gadsden,
357 S.C. 42, 46, 590 S.E.2d 502, 504 (Ct. App. 2003) (holding that a party seeking to set aside a judgment pursuant to Rule 60(b), SCRCP, has the
burden of presenting evidence entitling him to the requested relief).
AFFIRMED.[1]
WILLIAMS, GEATHERS, and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.