**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Wells Fargo Bank, N.A., Respondent,

v.

Dorothy Sistrunk, Appellant.

Appellate Case No. 2014-001683

Appeal From Orangeburg County
Diane Schafer Goodstein, Circuit Court Judge

Unpublished Opinion No. 2016-UP-472
Submitted October 1, 2016 – Filed November 9, 2016

**DISMISSED IN PART AND AFFIRMED IN PART**

Dorothy Sistrunk, of Orangeburg, pro se.

Elizabeth Scott Moise, of Nelson Mullins Riley & Scarborough, LLP, of Charleston; and Michael J. Anzelmo, of Nelson Mullins Riley & Scarborough, LLP, of Columbia, for Respondent.

**PER CURIAM:** Dorothy Sistrunk appeals the circuit court's order denying her motions to vacate under Rule 60(b), SCRCP, and for a new trial under Rule 38(a)-

(d), Rule 59(a)(2), and Rule 60(b)(1), SCRCP.  We dismiss in part and affirm in part.[1]

1.  We find any appeal from the circuit court's order granting partial summary judgment is untimely.  *See* Rule 203(b)(1), SCACR ("A notice of appeal shall be served on all respondents within thirty (30) days after receipt of written notice of entry of the order or judgment."); *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 20, 602 S.E.2d 772, 778 (2004) ("An appeal may be barred due to untimely service of the notice of appeal when a party—instead of serving a notice of appeal—files a successive Rule 59(e) motion, where the [circuit court's] ruling on the first Rule 59(e) motion does not result in a substantial alteration of the original judgment."); *Coward Hund Constr. Co. v. Ball Corp.*, 336 S.C. 1, 3, 518 S.E.2d 56, 58 (Ct. App. 1999) ("[A] second motion for reconsideration is appropriate only if it challenges something that was altered from the original judgment as a result of the initial motion for reconsideration."); *Camp v. Camp*, 386 S.C. 571, 574-75, 689 S.E.2d 634, 636 (2010) ("Service of the notice of appeal is a 'jurisdictional requirement, and [the appellate c]ourt has no authority to extend or expand the time in which the notice of intent to appeal must be served.'" (quoting *Mears v. Mears*, 287 S.C. 168, 169, 337 S.E.2d 206, 207 (1985))).  Accordingly, any appeal stemming from the order granting partial summary judgment is dismissed.

2.  We find the circuit court did not abuse its discretion by denying Sistrunk's motion to vacate under Rule 60(b), SCRCP.  *See Raby Constr., L.L.P. v. Orr*, 358 S.C. 10, 17, 594 S.E.2d 478, 482 (2004) ("Whether to grant or deny a motion under Rule 60(b) lies within the sound discretion of the [circuit court].").  On appeal, Sistrunk alleges only intrinsic fraud.  *See Gainey v. Gainey*, 382 S.C. 414, 425, 675 S.E.2d 792, 798 (Ct. App. 2009) ("In South Carolina, extrinsic fraud is the only type of fraud for which relief may be granted under Rule 60(b)(3), SCRCP."); *see also Hilton Head Ctr. of S.C. v. Pub. Serv. Comm'n of S.C.*, 294 S.C. 9, 11, 362 S.E.2d 176, 177 (1987) ("Extrinsic fraud is fraud that induces a person not to present a case or deprives a person of the opportunity to be heard."); *Gainey*, 382 S.C. at 426, 675 S.E.2d at 798 ("[I]ntrinsic fraud is fraud which was presented and considered at trial."); *see also Raby Constr.*, 358 S.C. at 19, 594 S.E.2d at 483 ("The classic case of intrinsic fraud is perjured testimony or presenting forged documents at trial.").  Additionally, Sistrunk does not allege there was any after-discovered evidence or "mistake, inadvertence, surprise, or excusable neglect." *See* Rule 60(b).  Accordingly, the circuit court's order denying Sistrunk's motion to vacate is affirmed.

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**DISMISSED IN PART AND AFFIRMED IN PART.**

**WILLIAMS, THOMAS, and GEATHERS, JJ., concur.**