**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Oldcastle APG South, Inc., d/b/a Adams Products
Company, and Oldcastle APG Northeast, Inc., d/b/a
Foster-Southeastern, Respondents,

v.

Daniel B. Albert, Appellant.

Appellate Case No. 2017-002183

Appeal From Greenville County
Robin B. Stilwell, Circuit Court Judge

Unpublished Opinion No. 2021-UP-006
Submitted November 1, 2020 – Filed January 13, 2021

**AFFIRMED**

Daniel B. Albert, of Greenville, pro se.

Elizabeth McDaniel McMillan, of McAngus Goudelock
& Courie, LLC, of Greenville, and Helen F. Hiser, of
McAngus Goudelock & Courie, LLC, of Mount Pleasant,
both for Respondents.

**PER CURIAM:** Daniel B. Albert appeals the circuit court's order denying his
Rule 60(b), SCRCP, motion involving Oldcastle APG South, Inc. and Oldcastle

APG Northeast, Inc. (collectively, Oldcastle); a confession of judgment; and a settlement agreement. On appeal, Albert raises eight issues,[1] arguing the circuit court erred by denying his motion and should have granted relief pursuant to Rule 60(b)(3) and (b)(4). We affirm.[2]

1. The circuit court did not abuse its discretion by denying Albert's motion pursuant to Rule 60(b)(3) because Albert failed to demonstrate that Oldcastle committed fraud, misrepresentation, or misconduct. *See BB & T v. Taylor*, 369 S.C. 548, 551, 633 S.E.2d 501, 502 (2006) ("Whether to grant or deny a motion under Rule 60(b) lies within the sound discretion of the [circuit court]."); *id.* at 551, 633 S.E.2d at 502-03 ("Our standard of review, therefore, is limited to determining whether there was an abuse of discretion. An abuse of discretion arises where the [circuit court] issuing the order was controlled by an error of law or where the order is based on factual conclusions that are without evidentiary support."); Rule 60(b)(3), SCRCP (providing that "[o]n motion and upon such terms as are just, the [circuit] court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: . . . fraud, misrepresentation, or other misconduct of an adverse party"); *Gainey v. Gainey*, 382 S.C. 414, 427, 675 S.E.2d 792, 799 (Ct. App. 2009) ("When a party asserts grounds for relief because of fraud, misrepresentation, or other misconduct of an adverse party under Rule 60(b)(3), SCRCP, the movant must prove her entitlement by clear and convincing

---

[1] Albert raised the following issues in his brief: (1) "Did the [circuit] court err in failing to find that the confession of judgment is invalid due to breach of contract, mistake, negligence, fraud, misrepresentation[,] or other misconduct of [Oldcastle]?"; (2) "Did the [circuit] court err in finding that [Oldcastle] had no duty to file a stipulation of dismissal?"; (3) "Did the [circuit] court err in failing to find that [Oldcastle] breached the settlement agreement by failing to file a stipulation of dismissal?"; (4) "Did the [circuit] court err in finding that there was no ambiguity in the settlement agreement?"; (5) "Did the [circuit] court err in failing to hold [Oldcastle] responsible for ambiguity in the drafting of the settlement agreement?"; (6) "Did the [circuit] court err in failing to look outside the four corners of the settlement agreement in order to see if [Oldcastle] was responsible for the immediate filing of a stipulation of dismissal?"; (7) "Did the [circuit] court err in finding that the filing of a stipulation of dismissal was not a material term to the settlement agreement?"; and (8) "Did the [circuit] court err in failing to find that [Albert] was denied the benefit of his bargain in his negotiation of the settlement agreement and confession of judgment when [Oldcastle] failed to file a stipulation of dismissal that brought an immediate end to the litigation?"

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.

evidence."); *id.* at 425, 675 S.E.2d at 798 ("In South Carolina, extrinsic fraud is the only type of fraud for which relief may be granted under Rule 60(b)(3), SCRCP."). Albert relies upon two instances of conduct that he asserts entitle him to relief. First, during arguments on his Rule 60(b) motion, Oldcastle stated "no lawyer [wa]s [going to] file a stipulation of dismissal . . . until [they] kn[e]w that [Albert was going to] satisfy the judgment." This argument is without merit because this statement was made when Albert was present and this statement would not entitle Albert to relief from the underlying confession of judgment and settlement agreement. *See generally Raby Constr., L.L.P. v. Orr*, 358 S.C. 10, 21, 594 S.E.2d 478, 484 (2004) ("[A] party may not prevail on a Rule 60(b)(3) motion on the basis of fraud where he or she has access to disputed information or has knowledge of inaccuracies in an opponent's representations at the time of the alleged misconduct." (quoting *Ojeda-Toro v. Rivera-Mendez*, 853 F.2d 25, 29 (1st Cir. 1988))). Second, Albert relies upon emails from Oldcastle that he contends caused him to enter the confession of judgment and settlement agreement because he believed Oldcastle would file a stipulation of dismissal after he signed the documents. The settlement agreement did not state who was responsible for filing the stipulation of dismissal. Additionally, Oldcastle's emails that indicated a stipulation of dismissal would be filed did not constitute fraud, misrepresentation, or other misconduct; the emails only indicated a stipulation of dismissal would be forthcoming. *See* Rule 60(b)(3), SCRCP (providing a party may be relieved from a final judgment based on "fraud, misrepresentation, or other misconduct of an adverse party"). Accordingly, we find the circuit court did not abuse its discretion by denying Albert's motion pursuant to Rule 60(b)(3).

2. Albert's arguments relating to Rule 60(b)(4), SCRCP, are not properly before this court. First, the circuit court did not analyze Albert's motion pursuant to Rule 60(b)(4) in its order, and Albert did not assert that the court should have done so in his Rule 59(e), SCRCP, motion. Therefore, the issue is unpreserved. *See Cowburn v. Leventis*, 366 S.C. 20, 41, 619 S.E.2d 437, 449 (Ct. App. 2005) ("When a trial court makes a general ruling on an issue, but does not address the specific argument raised by a party, that party must make a Rule 59(e) motion asking the trial court to rule on the issue in order to preserve it for appeal."). Further, Albert did not identify in his initial brief on appeal that he was seeking relief pursuant to Rule 60(b)(4) and asserted Rule 60(b)(4) for the first time in his reply brief. *See Lister v. NationsBank of Del.*, 329 S.C. 133, 153, 494 S.E.2d 449,

460 (Ct. App. 1997) ("[A]n appellant may not use the reply brief to argue issues not argued in the appellant's initial brief.").[3]

**AFFIRMED.**[4]

**LOCKEMY, C.J., and KONDUROS and MCDONALD, JJ., concur.**

---

[3] Albert's contention that he is entitled to relief under Rule 60(b)(4) also fails on the merits because he never asserted the confession of judgment was "void" under Rule 60(b)(4); rather, he asserted it was void based on Oldcastle's conduct. Accordingly, Rule 60(b)(4) would not provide Albert relief. *See* Rule 60(b)(4), SCRCP (providing that "[o]n motion and upon such terms as are just, the [circuit] court may relieve a party or his legal representative from a final judgment, order, or proceeding [when] . . . the judgment is void"); *Universal Benefits, Inc. v. McKinney*, 349 S.C. 179, 183, 561 S.E.2d 659, 661 (Ct. App. 2002) ("A void judgment is one that, from its inception, is a complete nullity and is without legal effect." (quoting *Thomas & Howard Co. v. T.W. Graham & Co.*, 318 S.C. 286, 291, 457 S.E.2d 340, 343 (1995))); *id.* ("The definition of void under the rule only encompasses judgments from courts which failed to provide proper due process, or judgments from courts which lacked subject matter jurisdiction or personal jurisdiction." (quoting *McDaniel v. U.S. Fid. Guar. Co.*, 324 S.C. 639, 644, 478 S.E.2d 868, 871 (Ct. App. 1996))); *id.* ("A judgment is not rendered void by irregularities which do not involve jurisdiction.").

[4] As an additional basis to affirm the circuit court's order, we note Albert failed to cite any authority in his brief. *See Equivest Fin., LLC v. Ravenel*, 422 S.C. 499, 505, 812 S.E.2d 438, 441 (Ct. App. 2018) ("[A]n issue is deemed abandoned and will not be considered on appeal if the argument is raised in a brief but not supported by authority." (quoting *Bryson v. Bryson*, 378 S.C. 502, 510, 662 S.E.2d 611, 615 (Ct. App. 2008))); *see also Broom v. Jennifer J.*, 403 S.C. 96, 115, 742 S.E.2d 382, 391 (2013) ("Issues raised in a brief but not supported by authority may be deemed abandoned and not considered on appeal.").