**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The Bank of New York Mellon, f/k/a The Bank of New York, as trustee for the certificate holders of the CWABS, Inc., Asset-Backed Certificates, Series 2005-16, Respondent,

v.

Janet M. Smith, Portfolio Recovery Associates, LLC, and James E. Byrdic, Defendants,

Of whom Janet M. Smith is the Appellant.

Appellate Case No. 2019-000983

Appeal From Georgetown County
Daniel W. Stacy, Jr., Special Referee

Unpublished Opinion No. 2022-UP-011
Submitted November 1, 2021 – Filed January 12, 2022

**AFFIRMED**

Jon A. Ozolins, of South Carolina Legal Services, of Conway, for Appellant.

Theodore von Keller, B. Lindsay Crawford, III, and Baxter Lindsay Crawford, IV, all of Crawford & von Keller, LLC, of Columbia; and Sara Christine Hutchins,

of the State Fiscal Accountability Authority, of Columbia, all for Respondent.

**PER CURIAM:**  Janet Smith appeals the special referee's order denying her motion to set aside an order vacating a foreclosure judgment against her property located in Georgetown County (Georgetown Property).  On appeal, Smith argues the special referee erred by vacating the foreclosure judgment (1) under Rule 60(b)(4), SCRCP, because it incorrectly determined the Georgetown County special referee lacked subject matter jurisdiction and (2) under Rule 60(b)(5), SCRCP, because the judgment lacked prospective application.

Because the mortgage at issue encumbered property in Williamsburg County, the Georgetown County special referee lacked subject matter jurisdiction to order foreclosure.  Thus, the order was void as a matter of law.  Therefore, the special referee properly vacated the foreclosure judgment against the Georgetown Property pursuant to Rule 60(b)(4), SCRCP, and did not abuse its discretion in denying Smith's motion to set aside the order.  Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Coleman v. Dunlap*, 306 S.C. 491, 494, 413 S.E.2d 15, 17 (1992) ("Whether to grant or deny a motion under SCRCP 60(b) is within the sound discretion of the judge."); Rule 60(b)(4), SCRCP (stating that a court may relieve a party from a final judgment if "the judgment is void"); *Gainey v. Gainey*, 382 S.C. 414, 424, 675 S.E.2d 792, 797 (Ct. App. 2009) ("A judgment of a court without subject matter jurisdiction is void and constitutes grounds for the court to vacate the judgment under Rule 60(b)(4)."); S.C. Code Ann. § 15-7-10(3) (Supp. 2020) (mandating that a foreclosure action "must be tried in the county in which the subject of the action or some part of the property is situated"); *First Nat'l Co. v. Strak*, 148 S.C. 410, 417, 146 S.E. 240, 242 (1929) (finding in an action for foreclosure of a mortgage, a court cannot attain jurisdiction over an action by consent).

Because the resolution of this issue is dispositive, we need not address the remaining issues on appeal.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not address remaining issues when its resolution of a prior issue is dispositive).

**AFFIRMED.**[1]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**WILLIAMS, A.C.J., MCDONALD, J., and LOCKEMY, A.J., concur.**