**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Daniel A. Amor, Respondent,

v.

Pamela K. Amor, Appellant.

Appellate Case No. 2020-000526

Appeal From Horry County
Melissa J. Buckhannon, Family Court Judge

Unpublished Opinion No. 2022-UP-212
Submitted May 12, 2022 – Filed May 18, 2022

**VACATED IN PART AND AFFIRMED IN PART**

Matthew M. Billingsley and Scott Innes McNeish, both of S.C. Legal Services, of North Charleston, for Appellant.

Heather Smith von Herrmann, of Von Herrmann Law Firm, of Conway; and Courtney Renee Todd, of Morris Law, LLC, of Surfside, for Respondent.

**PER CURIAM:** Pamela K. Amor (Wife) appeals two family court orders, which, among other things, equitably divided the parties' property. On appeal, Wife argues the family court (1) lacked subject matter jurisdiction over nonmarital

property and (2) erred by ordering Wife to pay $9,000 in attorney's fees to Daniel A. Amor (Husband).  We vacate in part and affirm in part.

Initially, the family court found certain debt incurred by Husband after the date he filed for divorce was marital in nature and ordered Wife to reimburse Husband on the basis the debt was incurred due to Wife's actions to instigate fraudulent criminal charges against Husband.  Following Wife's motion to reconsider, the family court agreed with Wife that the debt was nonmarital in nature because it was not incurred for marital purposes but still ordered Wife to reimburse Husband because she brought the "fraudulent charges out of spite and malice."  Although the family court properly found the debt was nonmarital in nature, we hold the family court erred by ordering Wife to reimburse Husband for the debt because the family court lacked subject matter jurisdiction over the nonmarital property.  *See* S.C. Code Ann. 20-3-630(B) (2014) ("The court does not have jurisdiction or authority to apportion nonmarital property.").  Thus, the portion of the family court's orders pertaining to Wife's reimbursement of Husband's $18,500 debt is vacated as void for lack of subject matter jurisdiction.  *See Gainey v. Gainey*, 382 S.C. 414, 424, 675 S.E.2d 792, 797 (Ct. App. 2009) ("A judgment of a court without subject matter jurisdiction is void . . . .").

Next, because Wife failed to raise any issue to the family court related to the award of attorney's fees, including in her motion to reconsider and the subsequent hearing, we find this issue not preserved for appellate review.[1]  *See Washington v. Washington*, 308 S.C. 549, 551, 419 S.E.2d 779, 781 (1992) (holding where an appellant neither raises an issue at trial nor through a Rule 59(e), SCRCP, motion, the issue is not preserved for appellate review).

**VACATED IN PART AND AFFIRMED IN PART.**[2]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[1] We further note the family court based its award of attorney's fees on the fact that Wife's behavior during litigation caused Husband to incur additional attorney's fees and Wife's adultery led to the breakdown of the marriage.

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.